**Jerry W. McCLURE, Appellant,**

v.

**NORTHLAND INSURANCE COMPANIES and LeMars Mutual Insurance Company of Iowa, Appellees.**

No. 87–175.

Supreme Court of Iowa.

June 15, 1988.

John C. Heinicke and J.W. McGrath of McGrath & McGrath, P.C., Keosauqua, and Arthur Buzzell of Buzzell & Semel, Davenport, for appellant.

Betty J. Ratekin and Craig D. Warner of Aspelmeier, Fisch, Power, Warner & Engberg, Burlington, for appellee LeMars Mut. Ins. Co. of Iowa.

Michael D. Huppert of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee Northland Ins. Companies of Iowa.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

The question here is whether an injured driver's recovery under his two automobile insurance policies is reduced because of workers' compensation benefits he received for the same injury. On the basis of exclusions and limitations in the policies, the trial court answered the question in the affirmative. The court of appeals disagreed and so do we.

Plaintiff McClure suffered severe injuries in an automobile accident. He was driving his employer's vehicle at the time and was acting in the course of his employment. The tortfeasor's insurer paid McClure $100,000 and McClure also received a $251,024.19 settlement from his employer's workers' compensation carrier.

Claiming he was damaged in excess of $25,000,000 McClure brought this suit under coverages he purchased from defendants Northland Insurance Companies ($100,000) and LeMars Mutual Insurance Company ($25,000). Both policies contained provisions which allowed the insurers to reduce the underinsured motorist coverage limits by the amounts received from workers' compensation and other insurance. Because the $351,024.19 McClure had already received exceeded the underinsured motorist coverage limits of the policies, both insurance companies denied they owed McClure anything.

Northland and LeMars based their denials of coverage on the policies' exclusions and limitations. It remains the insurers' position that their coverage should be reduced (in effect erased) by the amount recovered from workers' compensation and other insurance.

The trial court accepted the insurers' view and affirmed their motions for summary judgment. It held that the exclusion and limitation clauses cited are permissible under Iowa Code section 516A.2 (1985). The court stated:

> An "other insurance" limitation or exclusion is a valid limitation or exclusion provided it does not reduce uninsured and underinsured protection below the statutory minimum of $10,000 for each person and $20,000 for each accident.

Because in each case the exclusion reduced McClure's right of recovery to zero he was held barred from any recovery. On appeal the court of appeals reversed this holding. We granted further review.

In *American States Insurance Co. v. Tollari*, 362 N.W.2d 519, 522 (Iowa 1985), we stated that a buyer of underinsurance coverage is entitled to recover for the amount of his loss which the tortfeasor's liability insurance does not reach, up to the total coverage purchased. We expressly rejected the contention that the coverage should be reduced by the amount received by an insured from a tortfeasor.

As pointed out in Comment, *Underinsured Motorist Coverage in Iowa: American States Insurance Co. v. Tollari*, 71 Iowa L.Rev. 1569, 1575–76 (1986), there are two competing views on who is an underinsured motorist. Under what has become called the broad coverage view a motorist is underinsured when the tortfeasor's liability coverage is less than the damages suffered by the victim of the underinsured motorist. Under the narrow coverage view a motorist is underinsured when the applicable liability coverage is less than the victim's underinsured motorist policy limit. *See also Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74, 75 (Iowa 1987). Under the broad coverage definition of underinsured, any payments received from the tortfeasor are subtracted from the total amount of damages sustained by the victim, and the underinsurance coverage makes up the difference, up to the total amount of underinsurance provided by the policy. Under the narrow coverage definition of underinsured, any amount received from the tortfeasor is subtracted from the underinsured motorist limit and the insurer is liable for the difference, up to the policy limit.

These two different approaches reflect contrasting views of the underlying purpose of underinsured motorist coverage. The broad coverage rationale is that the underinsured motorist coverage was intended to indemnify insureds for unpaid judgments. *Kluiter*, 417 N.W.2d at 75. Since the goal is full compensation, underinsurance coverage should apply when the tortfeasor has less insurance than the victim has injury. *Id.* The narrow coverage argument, on the other hand, is that underinsurance coverage was designed solely to place victims in the same position in which they would have been had they been injured by motorists with liability coverage equal to their own underinsured motorist limits. Under this view full compensation is not the goal; minimum compensation is, just as it is in the uninsurance coverage context.

In the uninsured motorist coverage area, we have traditionally taken a narrow coverage view, subtracting from the policy limit any recovery from other sources. *See Davenport v. Aid Ins. Co. (Mut.)*, 334

N.W.2d 711 (Iowa 1983); *McClure v. Employers Mut. Casualty Co.*, 238 N.W.2d 321 (Iowa 1976). In the underinsured motorist coverage context, however, we are committed to the broader approach, viewing the goal of underinsurance to be full compensation to the injured party to the extent of damages sustained, as opposed to minimum compensation. In *Tollari*, we stated the Iowa legislature contemplated that a buyer of underinsurance coverage is entitled to recover on that clause for the amount of loss which the tortfeasor's liability insurance does not reach, subject only to the limit of the underinsurance clause. 362 N.W.2d at 522. In reaching that conclusion, we said:

> Any other interpretation of underinsurance would mean that the victim cannot recover part of the underinsurance limit he has bought and paid for, and that portions of the limits also would be illusory. For example, if the Tollari estate had to deduct $24,000 of liability insurance received from its underinsurance limits of $50,000, the estate would recover only $26,000 of underinsured coverage and the remaining $24,000 of underinsurance that was purchased would be unavailable to the estate—notwithstanding a *loss* of $100,000.

*Id.* The distinction between *McClure* and *Tollari* is a perceived difference in the roles of uninsurance and underinsurance: uninsurance is designed to establish a minimum amount which a victim may recover when injured by a person with less liability insurance than that required by Iowa Code section 321A.1(10). Underinsurance coverage, on the other hand, is designed to make the victim whole.

The insurance companies contend that the result reached in *Tollari* conflicts with the last sentence of section 516A.2, which states that insurance policies "may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits." We think the answer to this contention lies in the purpose of underinsurance which we have said is aimed at full compensation of the victim. With this purpose we see no duplication of benefits until the victim has been fully compensated.

It is also alleged by the defendant companies that McClure's position conflicts with a case that followed *Tollari*. In *Tri-State Insurance Co. of Minnesota v. De Gooyer*, 379 N.W.2d 16, 19 (Iowa 1985), we held that the *McClure* analysis should be extended to underinsured motorist coverage in order to prevent the stacking of insurance benefits. The defendant companies argue that *De Gooyer* requires reducing underinsurance owed by an insurer by any workers' compensation benefits received by the insured.

We disagree. In *De Gooyer*, the insured had several policies with the same insurer under which he tried to collect for one accident. Our finding that section 516A.2 allows limitations on the "stacking" of coverages is consistent with *Tollari*. As pointed out in *Kluiter*, potential duplication existed in *De Gooyer* "because the insured was seeking to recover as if he had two separate policies." 417 N.W.2d at 76. In the present case McClure is not seeking to stack separate policies. Rather his attempt is to have the workers' compensation benefits treated the same as recovery received from a tortfeasor. We think this is logical. Workers' compensation benefits should not be deducted from the underinsurance policy limit in determining the amount owed by an insurer. Thus, under *Tollari*, the provisions in the insurance companies' policies to the contrary are void as against public policy. The amount received by a victim in the form of workers' compensation benefits should be deducted from the total amount of damages *sustained* by the victim, and the underinsured motorist coverage should make up the difference, subject to policy limits.

The court of appeals was correct in reversing the trial court's entry of summary judgment.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.