Ricky Lee ZURN, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

No. 91–422.

Supreme Court of Iowa.

April 15, 1992.

Timothy J. McKay and John N. Moreland of McKay, Moreland & Webber, P.C., Ottumwa, for appellant.

Richard H. Doyle IV and Robert G. Tully of Verne Lawyer & Associates, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

A Minnesota statute, several times amended, mandates a special limitation on underinsured motorist coverage when the insured is compensated from other sources for the same loss. An earlier appeal in this dispute established as law of the case that Minnesota law controls. The questions here are (1) which version of the oft-amended Minnesota statute applies and (2) how that version applies under these facts. The trial court, applying what it considered the controlling Minnesota statute, held that one of two recoveries is to be deducted from the policy limits. We affirm.

The facts are undisputed. While jogging on the side of a highway in Centerville, Iowa, plaintiff Ricky Lee Zurn was struck by a vehicle driven by Sharon Jenkins. Jenkins had been drinking at the Silver Spur Lounge and was intoxicated. Jenkins swerved from the northbound lane, crossed the southbound lane, and finally reached the road's left shoulder where she struck Zurn. Zurn, a Minnesota resident, was attending college in Centerville. He was an insured under his mother's policy with defendant State Farm Mutual Automobile Insurance Company.

Zurn brought three claims: (1) a dramshop action against Silver Spur Lounge; (2) a negligence action against Jenkins; and (3) an underinsurance motorist claim against State Farm. Zurn settled with Jenkins for $25,000, the limit of her automobile liability coverage. He also reached a $50,000 settlement with Silver Spur Lounge, which was the limit of its dramshop insurance coverage. By way of affirmative defense in Zurn's underinsurance claim, State Farm asserted that Minnesota law applied and that, under Minnesota law, Zurn was not entitled to recover any damages because his recoveries ($25,000 from Jenkins and $50,000 from Silver Spur Lounge) exceeded the $50,000 underinsurance limits. The district court, ruling on a motion to adjudicate law points, found that Iowa, not Minnesota, law applied. The finding was based on a determination that Iowa had the most significant relationship with the parties.

The parties then stipulated the following facts before submitting the controversy for determination:

(1) Zurn was an insured under his mother's policy insured by State Farm;

(2) the underinsured motorist coverage had a limit of $50,000; and

(3) Zurn's damages were at least $125,000.

Following submission the court entered a $50,000 judgment in Zurn's favor. State Farm appealed and the court of appeals

reversed, finding that Minnesota was the only state with a significant relationship with the parties. *Zurn v. State Farm Mut. Auto. Ins. Co.*, 465 N.W.2d 557 (Iowa App.1990) (table). Following remand for redetermination under Minnesota law, the parties again moved for adjudication of law points and for summary judgment. The district court determined that the $25,000 recovery from Jenkins, but not the $50,000 recovery from Silver Spur Lounge, should be deducted from State Farm's underinsurance limits and entered a $25,000 judgment in Zurn's favor.

Both parties appealed. State Farm argues that the underinsurance policy limits also should have been reduced by the $50,000 settlement Zurn received from Silver Spur Lounge, leaving nothing due. Zurn argues that the present Minnesota statute should have been applied to his action, which he claims would result in no deductions from his policy limits.

Our scope of review is on error. *See Brown v. Monticello State Bank*, 360 N.W.2d 81, 84 (Iowa 1984).

■ I. On the date of the accident the controlling Minnesota statute limited recovery of underinsurance provisions to the difference between the underinsurance motorist coverage provided in the policy and any amount paid by others to the insured for the same loss. Minn.Stat. § 65B.49(4)(a) (1986). State Farm incorporated this limitation in its policy under which the amount of State Farm's obligation was calculated by the "difference of limits" method. *Broton v. Western Nat'l Mut. Ins. Co.*, 428 N.W.2d 85, 87–88 (Minn.1988). In calculating an insurer's obligation under this method the amount paid by the tortfeasor's insurance policy is deducted from the underinsured motorist coverage. *Id.*

■ Minnesota law has been inconsistent in subscribing to this method, however, and it is not used in Minnesota's current statutory scheme which now employs the "add-on method." 1989 Minn. Laws ch. 356, § 20. *See Gimmestad v. Gimmestad*, 451 N.W.2d 662, 666 (Minn.App.1990). Under the add-on method any amounts paid by tortfeasors are deducted, not from the underinsurance limits, but from the insured's damages. *Broton*, 428 N.W.2d at 88. The differing calculations under the two methods are as follows:

### STATE FARM'S OBLIGATION

"Difference of Limits" Method

| | |
|---|---|
| State Farm UIM policy limits | $ 50,000 |
| Settlement with Jenkins | $ 25,000 |
| State Farm's obligation | $ 25,000 |

"Add–On" Method

| | |
|---|---|
| Zurn's damages | $125,000 |
| Settlement with Jenkins | $ 25,000 |
| Remaining damages | $100,000 |
| State Farm's obligation | $ 50,000 |

Under either method State Farm's underinsurance obligation cannot exceed the $50,000 policy limits.

■ The two methods present a revolving target because the Minnesota legislature has vacillated between the two.[1] The

1. The original view, codified in Minn.Stat. § 65B.26(d) (1971), called for the difference of limits method. In 1974 the Minnesota legislature enacted the Minnesota no fault automobile insurance Act, which, among other changes, repealed Minn.Stat. § 65B.26(d), and replaced it with Minn.Stat. § 65B.49(6)(e). 1974 Minn.

Laws ch. 408, § 9. This provision was amended in 1977 effectively overruling "the difference of limits" method. Although Minn.Stat. § 65B.49(6) was repealed in 1980, the "add-on" method was still retained.

In 1985 the Minnesota legislature reverted back to the "difference of limits" method. This

question is whether Zurn's claim is controlled by the difference of limits method in effect in Minnesota at the time of the accident, or whether it is controlled by the add-on method which went into effect later.

State Farm relies on the clear legislative mandate that the change to the present law was made "effective for all contracts issued or renewed on or after August 1, 1989." 1989 Minn. Laws ch. 213, § 3. In arguing for application of the add-on method, Zurn cites our opinion in *Berghammer v. Smith*, 185 N.W.2d 226 (Iowa 1971), in which we applied Minnesota law.

*Berghammer* involved an automobile accident in which a Minnesota resident was injured when his truck collided with a truck owned by an employee of the defendant, an Illinois resident. *Id.* at 230, 231. At the time of the accident Minnesota did not recognize a wife's cause of action for loss of consortium, but did so at the time *Berghammer* was decided. *Id.* at 230. We applied the new Minnesota law, stating:

> Even though Minnesota has made the new rule prospective, we are not bound to do likewise. We should decide, rather, whether that action would further some valid interest of that state under the particular circumstances of this case.

*Id.* at 232. We concluded that: "[B]y enforcing the now discarded Minnesota rule, we would ignore our own state policy without advancing Minnesota's." *Id.*

We are disinclined to follow *Berghammer* in the present case, however, because the prospective aspect of the change involved here was mandated, not at common law, but by the Minnesota legislature. We are not free in the present case to sort through and decide the policy considerations. The Minnesota legislature had clear authority to set the effective date for change of its statutory rule. The trial court was correct in determining that we are bound to abide by it.

II. The question on State Farm's appeal is whether, in addition to Zurn's $25,000 recovery from Jenkins, his $50,000 dramshop recovery should also be deducted from the policy limits.

█ Although this question is also one of Minnesota law, we must decide it on the basis of our own. Unless the law of a sister state is pled and proven at trial, we presume it to be the same as our own.[2] *Iowa Kemper Ins. Co. v. Cunningham*, 305 N.W.2d 467, 469 (Iowa 1981); *In re Estate of Allen*, 239 N.W.2d 163, 169 (Iowa 1976). This case is an obvious choice for application of the rule because Minnesota, as most states, seems never to have ruled on the question.

█ There is a dearth of authority on whether dramshop recoveries, in common with recoveries against underinsured motorist, should be deducted from underinsurance policy limits. *Bauter v. Hanover Ins. Co.*, 247 N.J.Super. 94, 101, 588 A.2d 870, 874–75 (N.J.Super.App.Div.1991), *cert. denied*, 126 N.J. 335, 598 A.2d 893 (1991), cites a case for each view, and opts for also deducting the dramshop recovery. The question is said to turn on the basic approach taken in the jurisdiction toward underinsurance provisions.

We have said our basic approach to underinsurance provisions is broader than our approach to uninsurance provisions. *McClure v. Northland Ins. Cos.*, 424 N.W.2d 448, 449–50 (Iowa 1988). In *McClure* we described our

> perceived difference in the roles of uninsurance and underinsurance: uninsurance is designed to establish a minimum amount which a victim may recover when injured by a party with less liability insurance than required by Iowa Code section 321A.1(10). Underinsurance cover-

---

was the law in effect on the date Zurn was injured. In 1989, however, the Minnesota legislature again eliminated the "difference of limits" method and reinstated the "add-on" method. 1989 Minn.Laws ch. 213, § 2; 1989 Minn.Laws ch. 356, § 20.

2. The parties do not dispute the adequacy of establishing Minnesota legislation under Iowa Code § 622.59 (1991). The dispute, as it relates to Minnesota statutes, concerns whether a recent amendment is to be applied in this litigation. The parties do dispute Minnesota case law.

age, on the other hand, is designed to make the victim whole.

*Id.*

We think Zurn's $50,000 dramshop recovery should be treated similarly. It should be deducted from his $125,000 in damages, leaving $75,000 in damages, which does not affect the $50,000 limit.

The trial court was correct in deducting the $25,000 recovery against Jenkins and in declining to deduct the $50,000 dramshop award from Zurn's underinsurance claim.

AFFIRMED.