**CONTINENTAL WESTERN INSURANCE COMPANY, Appellant,**

v.

**Kori KREBILL and Kathy Nafziger, Appellees.**

No. 91–1663.

Supreme Court of Iowa.

Nov. 25, 1992.

Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellant.

Joseph M. Barron of Peddicord, Wharton, Thune, and Spencer, P.C., Des Moines, for appellee Kori Krebill.

Gerald D. Goddard of Cray, Goddard & Miller, Burlington, for appellee Kathy Nafziger.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

The trial court entered summary judgment on stipulated facts. Defendants Kori Krebill and Kathy Nafziger were seriously injured in a multi-vehicle collision involving a drunken driver. Each defendant was insured under an automobile policy issued by plaintiff Continental Western Insurance Company. Both policies, identical in all respects relevant here, provided underinsured motorist coverage of $25,000. Continental paid each insured the $25,000 limit, and each insured signed a release and trust agreement in favor of Continental.

One insured, the defendant Krebill, subsequently recovered a total of $92,200 from three tortfeasors: $20,000 from the drunken driver; $200 from the owner of the vehicle driven by the drunken driver; and $72,000 from a tavern owner (under his dramshop policy). When added to the $25,000 payment by Continental, Krebill has received a total of $117,200. It is stipulated that Krebill's injuries equal or exceed this sum. The other insured, defendant Nafziger, recovered $20,000 from the drunken driver, $300 from the owner, and $108,000 from the same tavern owner. When added to the $25,000 payment by Continental, her total recovery is $153,300. It is stipulated that Nafziger's injuries equal or exceed this sum.

Continental demands that each defendant repay the $25,000, less reasonable attorney fees incurred in obtaining recovery from the tortfeasors. The defendants refuse, asserting they are under no legal obligation to repay any money to Continental.

Because the facts are undisputed, the case was submitted on motions by each party for summary judgment. The trial court ruled against Continental and for each insured, the court finding "that the defendants are under no obligation to repay the sums paid by plaintiff under their underinsured motorist coverage." Continental appeals.

I. Well-established principles control the construction and interpretation of insurance policies. They were spelled out in *A.Y. McDonald Industries v. INA*, 475 N.W.2d 607, 618–19 (Iowa 1991), and need not be repeated here. The parties agree that our scope of review is on error. Iowa R.App.P. 4.

II. The underinsured motorist coverage in both policies was qualified by this provision:

OUR RIGHT TO RECOVER PAYMENT

. . . .

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. *Reimburse us to the extent of our payment.*

(Emphasis added.) Continental's reimbursement claim is derived from this language.

It is clear, and defendants apparently concede, this clause is consistent with the language and spirit of Iowa Code chapter 516A (1991). *See Kapadia v. Preferred Risk Mut. Ins. Co.*, 418 N.W.2d 848, 851 (Iowa 1988) ("We hold that such subrogation clauses are consistent with the language and spirit of chapter 516A and that they may be protected by the use of consent-to-settlement clauses.").[1]

Defendants take the position, however, that an insurer's right of reimbursement cannot mature until the insured has been fully compensated for all damages. A right of reimbursement exists, but is limited to that amount of total compensation (insurance coverage, settlements and judgments) received by the insured which exceeds the insured's damages. Stated another way, defendants argue an insurer's right of reimbursement cannot impair an insured's entitlement under Iowa Code chapter 516A to full compensation for damages.

Iowa Code chapter 516A has generated a number of appeals in recent years. *See Veach v. Farmers Ins. Co.*, 460 N.W.2d 845 (Iowa 1990); *In re Estate of Rucker*, 442 N.W.2d 113 (Iowa 1989); *Poehls v. Guaranty Nat'l Ins. Co.*, 436 N.W.2d 62 (Iowa 1989); *McClure v. Northland Ins. Cos.*, 424 N.W.2d 448 (Iowa 1988); *Kapadia*, 418 N.W.2d 848; *Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74 (Iowa 1987); *Tri–State Ins. Co. of Minn. v. De Gooyer*, 379 N.W.2d 16 (Iowa 1985); and *American States Ins. Co. v. Estate of Tollari*, 362 N.W.2d 519 (Iowa 1985).

Iowa Code chapter 516A contains four sections. The concern in this case is section 516A.4. It reads in pertinent part as follows:

In the event of payment to any person under the coverage required by this chapter and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made. . . .

Continental, seizing on the word "any" in its latter three appearances in the section, argues section 516A.4 both authorizes and guarantees a right of reimbursement. Continental thinks its view is supported by our holding in *Kapadia*, 418 N.W.2d at 851.

*Kapadia* involved a consent-to-settlement clause and a subrogation clause. *Id.* at 850. The issue was whether an insured who breached the policy's consent-to-settlement clause could nevertheless collect under the policy's underinsured motorist coverage. This issue implicated the subrogation clause because the purpose of the con-

---

1. The insurance policy in *Kapadia* contained a subrogation clause, under which the insurer, after making payment under the policy, steps into the shoes of the insured and assumes the insured's rights of recovery. The policy in this case contains a reimbursement clause. Although subrogation and reimbursement clauses operate somewhat differently, we think their effects are the same for purposes here.

sent-to-settlement clause was to protect the insurer's right of subrogation. But our *Kapadia* decision must be read in the light of our holdings which commit us to the broad coverage rationale for underinsured motorist coverage.

We think Continental's contention was answered by our holdings in *Tollari*, 362 N.W.2d at 522, and especially *McClure*, 424 N.W.2d at 450. The goal of underinsurance, according to these holdings, is full compensation for the insured. These cases explain that, for underinsurance, we understand full compensation to be measured in terms of the injury, not the policy.

It is stipulated that the injuries to each of the insureds in this case equal or exceed the amount of their total recoveries. It follows that Continental is not entitled to any reimbursement. The trial court was correct in so holding.

AFFIRMED.