**Clinton S. ELLIOTT and Janice Elliott, Appellees,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant.**

**No. 92–07.**

Court of Appeals of Iowa.

Nov. 30, 1992.

James A. Pugh of Morain, Burlingame, Pugh, Peyton & Koop, West Des Moines, for appellant.

Deborah Krauth and Barry J. Nadler of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Farm Bureau appeals a district court decision entering judgment in favor of the Elliotts under the underinsured motorist provision of their insurance policy.

In October 1987, Clinton Elliott, while operating his motor vehicle, was struck by a vehicle driven by Joe Hanson. Clinton received personal injuries and Clinton's wife, Janice, claimed damages for loss of consortium. The accident and the resulting injuries were the sole fault of Hanson. As a result of the accident, the Elliotts recovered $20,000, the full amount of Hanson's liability coverage. In addition, the Elliotts recovered $70,500 from the non-exempt personal funds of Hanson. The total damages sustained by the Elliotts exceeded $142,500.

At the time of the accident, the Elliotts had in effect an insurance policy with Farm Bureau which provided underinsured motorist coverage in the amount of $25,000. The policy contained a subrogation clause and Farm Bureau has not waived its right of subrogation.

In December 1989, following their settlement with Hanson, the Elliotts filed an action against Farm Bureau claiming entitlement to the underinsured motorist proceeds available under the policy. Farm Bureau filed a motion to dismiss claiming that the $70,500 collected from Hanson was subject to Farm Bureau's subrogation rights and the recovery of the Hanson's personal assets negated the claim for underinsured motorist benefits. The district court denied Farm Bureau's motion, ruling Iowa followed the "broad coverage" view of underinsured motorist coverage which is intended to make the victim whole. The district court also concluded the contractual subrogation clause, in light of Iowa Code chapter 516A, allows Farm Bureau to recover monies through subrogation only after the Elliotts have been fully compensated for their injuries by the tortfeasor.

In December 1990, the Elliotts filed an application for adjudication of law points, asking the court to adjudicate that Farm Bureau was not entitled to a credit against the underinsured motorist benefits from

the sums personally paid by Hanson until they had been fully compensated. In its ruling, the district court concluded the Elliotts had accurately stated the law. In December 1991, the district court concluded Farm Bureau's legal defense had no merit and entered judgment in favor of the Elliotts. Farm Bureau now appeals.

Our scope of review is for errors of law. Iowa R.App.P. 4.

■ Farm Bureau contends an insurer providing underinsured motorist benefits pursuant to Iowa Code chapter 516A is entitled to reimbursement of its payments from any personal assets recovered from a settling tortfeasor. Accordingly, Farm Bureau argues the district court erred in ruling in the Elliotts' favor. We do not agree.

Our supreme court has held that Iowa follows the "broad coverage" view for underinsurance coverage with the goal of full compensation to the injured victim. *McClure v. Northland Ins. Cos.*, 424 N.W.2d 448, 449 (Iowa 1988); *see American States Ins. Co. v. Estate of Tollari*, 362 N.W.2d 519, 522 (Iowa 1985).

> Under the broad coverage definition of underinsured, any payments received from the tortfeasor are subtracted from the total amount of damages sustained by the victim, and the underinsurance coverage makes up the difference, up to the total amount of underinsurance provided by the policy.

*McClure*, 424 N.W.2d at 449. The purpose of underinsurance coverage is to make the victim whole. *Id.* at 450.

In *McClure*, the supreme court specifically held workers' compensation benefits should not be deducted from the underinsurance policy limit in determining the amount owed by the insurer. *Id.* In *Tollari*, an earlier case, the supreme court held the amount paid by a tortfeasor's insurer only limited the insured victim's recovery under the victim's underinsurance coverage at the point at which the victim was made whole. 362 N.W.2d at 522.

Farm Bureau argues the above case law is inapplicable to the facts of this particular case. Farm Bureau contends payments made by the tortfeasor himself should be treated differently than amounts paid by the tortfeasor's insurer or as a result of the victim's workers' compensation benefits. Farm Bureau specifically contends under Iowa Code section 516A.4 (1991), the insurer is entitled to all of the proceeds of any settlement of judgment obtained from the liable party, not just those proceeds which exceed the insured's damages. The relevant language of section 516A.4 provides, in relevant part, as follows:

> In the event of payment to any person under the coverage required by this chapter and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made. . . .

Iowa Code § 516A.4 (1991).

In making this argument, Farm Bureau relies upon *Kapadia v. Preferred Risk Mutual Insurance Company*, 418 N.W.2d 848 (Iowa 1988), which held an insurer may protect its interests through the use of subrogation and consent-to-settle provisions if the company can show prejudice as a result of the insured victim's violation of the consent-to-settle provision. *Id.* at 852. The court in *Kapadia* further held there must be a showing of "actual prejudice" to the insured prior to its discharge under a consent-to-settle clause.

However, we do not find *Kapadia* to be controlling in this case, noting the following language in the opinion:

> We emphasize that we today hold only that chapter 516A allows for, and is consistent with the type of subrogation clause contained in Kapadia's policy. We do not reach the question of whether section 516A.4 in and of itself grants a right of subrogation.

*Id.*

■ We find neither *Kapadia* nor section 516A.4 requires a finding that Farm Bureau is entitled to reimbursement of its

payments from any personal assets recovered from a settling tortfeasor. Furthermore, we hold the language of section 516A.4 is subject to the "broad coverage" view. To hold otherwise would essentially destroy the intent and purpose behind the "broad coverage" view, which is to make the victim whole up to the limits of the underinsured policy.

The costs of this appeal are taxed to Farm Bureau.

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.