In the Matter of the Estate of
Christopher Steven ALLGOOD,
Deceased,

Stephen Alan ALLGOOD, Administrator,
Appellant,

v.

GRINNELL MUTUAL REINSURANCE
COMPANY, Appellee.

No. 93–234.

Supreme Court of Iowa.

Dec. 22, 1993.

Kenneth L. Keith of Keith, Osborn, Bauerle, Milani & Neary, Ottumwa, and William R. Dew of Griffin, Dew & Kintigh, Ottumwa, for appellant.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

PER CURIAM.

The district court held the insurer could reduce its uninsured motorist coverage by the net amount the insured received from a dramshop action. We affirm.

While riding his bicycle in Wapello County, Iowa, sixteen-year-old Christopher Stephen Allgood was struck and killed by a car driven by David Wayne Johnston. Johnston was intoxicated.

Christopher was an insured under his father's policy with Grinnell Mutual Reinsurance Company. Johnston had no automobile liability insurance.

The administrator of Christopher's estate recovered $100,000, the limit on uninsured motorist coverage, from Grinnell Mutual. He also obtained a $300,000 judgment against Johnston but was unable to collect it. The administrator then received a $100,000 settlement for a dramshop action against a tavern where Johnston had been drinking.

Grinnell Mutual made a demand on the administrator for reimbursement of $66,-666.67, the estate's net recovery from the dramshop action. The administrator sought a declaratory judgment. After a trial on stipulated facts, the district court found Grinnell Mutual was entitled to reimbursement. The administrator appeals.

Grinnell Mutual made payments under the policy's uninsured motorist coverage. Iowa distinguishes between uninsured and

underinsured motorist coverage. "Uninsured motorist coverage guarantees a minimum recovery while underinsured motorist coverage seeks to provide compensation to the extent of the injury, subject to the policy limit." *Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74, 75 (Iowa 1987). An insurer who has provided uninsured motorist coverage can recover from a tortfeasor's payments to the insured regardless of whether the insured has been fully compensated. *Davenport v. AID Ins. Co. (Mutual)*, 334 N.W.2d 711, 715 (Iowa 1983).

Christopher's estate recovered in an action brought pursuant to the Dram Shop Act, Iowa Code §§ 123.92–.94 (1991). We adhere to our treatment of underinsured motorist coverage when dramshop recoveries are involved. *Zurn v. State Farm Mut. Auto. Ins. Co.*, 482 N.W.2d 923, 926–27 (Iowa 1992). Similarly, we hold an insurer retains full subrogation rights for uninsured motorist coverage against an insured's dramshop recovery.

The Dram Shop Act contains a prohibition on inurement only in the context of the insurer of an intoxicated person attempting to recover from the dramshop. Iowa Code § 123.94. We will not extend this provision to prohibit recovery by the insurer of the victim of an intoxicated person. When a statute is clear, the court looks no further than the express terms of the statute. *State v. Koplin*, 402 N.W.2d 423, 425 (Iowa 1987). Because the dramshop still has to pay someone, whether it is the victim or the victim's insurer, the Dram Shop Act still "place[s] a hand of restraint upon those licensed." *Wendelin v. Russell*, 259 Iowa 1152, 1158, 147 N.W.2d 188, 192 (1966). We affirm the district court ruling that the insurer is entitled to be reimbursed for its uninsured motorist coverage payments from the insured's net recovery from the dramshop settlement.

**AFFIRMED.**