Charles RAMSBACHER, Guardian and
Conservator of Tracy Ramsbacher,
Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant.

No. 94–299.

Court of Appeals of Iowa.

Feb. 28, 1995.

Robert R. Rush and Matthew J. Nagle of Lynch, Dallas, Smith & Harman, P.C., Cedar Rapids, for appellant.

David A. Elderkin and Patrick M. Roby of Elderkin & Pirnie, P.C., Cedar Rapids, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HUITINK, JJ., but decided en banc.

HAYDEN, Presiding Judge.

Tracy Ramsbacher was injured when a motorcycle on which she was a passenger was involved in an accident with a pickup truck. The motorcycle was owned by Rod Sojka and driven by Kerry Knight. The truck was owned by Midwest Janitorial Service, Inc. (Midwest) and driven by Kimberly Hotchkiss.

Charles Ramsbacher, Tracy's father, alleged both drivers were negligent and settled claims against them. Ramsbacher received $20,000 from the Sojka/Knight insurer and $560,000 from the Midwest/Hotchkiss insurer. All tortfeasors were released.

Ramsbacher also filed an action against State Farm Mutual Automobile Insurance Company (State Farm) for underinsured motorist benefits. Ramsbacher claimed his damages were in excess of the amount received in settlements. Following trial, a jury returned a verdict in favor of Ramsbacher. The jury found the total damages suffered were $541,000 and apportioned twenty-five-percent fault to Midwest/Hotchkiss and seventy-five-percent fault to Knight. Ramsbacher filed a motion for judgment on the jury verdict requesting, among other things, a judgment against State Farm for $300,000. Judgment was so entered by the trial court in the amount requested.

State Farm appeals contending Ramsbacher was not entitled to benefits under his policy because there were no uncompensated damages. State Farm asserts Ramsbacher had already received $580,000 from the settlements, and the jury found his total damages were less than this amount at $541,000.

We note our standard of review is for correction of errors at law. Iowa R.App.P. 4.

The goal of underinsurance motorist coverage is full compensation for the insured. *Continental Western Ins. Co. v. Krebill*, 492 N.W.2d 405, 407 (Iowa 1992). As our supreme court explained:

[I]f the tortfeasor has some liability insurance but insufficient to pay the loss fully, the plaintiff can, under his own underinsured motorist coverage, recover his loss from the tort less the tortfeasor's available liability insurance proceeds, subject to the limit of that underinsured coverage ... *assuming no duplication of benefits exists.*

*American States Ins. Co. v. Estate of Tollari*, 362 N.W.2d 519, 522 (Iowa 1985) (citation omitted, emphasis deleted, and emphasis added). However, "[i]n recovering under both the tortfeasor's liability policy and the insured's underinsured motorist policy, the

insured is not entitled to any duplication of benefits." *In re Estate of Rucker,* 442 N.W.2d 113, 115 (Iowa 1989); *see also McClure v. Northland Ins. Co.,* 424 N.W.2d 448, 449 (Iowa 1988) ("[U]nderinsurance coverage should apply when the tortfeasor has less insurance than the victim has injury.").

The State Farm policy at issue states in part:

3. The most we pay will be the lesser of:

a. the amount by which the **insured's** damages for **bodily injury** exceed the amount paid to the **insured** by or for any **person** or organization who is or may be legally liable for the **bodily injury;** or

b. the limits of liability of this coverage. (Emphasis in original.)

This insurance policy provision is allowable under Iowa law. Under the Iowa Code, underinsured motor vehicle coverage "may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits." Iowa Code § 516A.2.1 (1993).

We apply the policy to the facts of the instant case. Plaintiff settled with Knight/Sojka for $20,000. Plaintiff also settled with Hotchkiss/Midwest Janitorial Services for $560,000. Thus, plaintiff received a total of $580,000 in compensation for his claim. Plaintiff then sued State Farm, seeking payment of underinsured motorist benefits under policies he had with State Farm. The case was tried to a jury. The jury determined plaintiff's total damages to be $541,000.

Under the policy language, the most State Farm would be obligated to pay is the amount by which Ramsbacher's damages exceed the amount to him by or for any person or organization who may be liable for the injury, or the policy limits (whichever is less). Ramsbacher's damages of $541,000 do not exceed the $580,000 he has already been paid by the tortfeasors. Thus, the amount by which Ramsbacher's damages exceed the amount of tortfeasor settlements is zero.

Fixing the amount of damages is a function for the jury, *Harsha v. State Sav. Bank,* 346 N.W.2d 791, 799 (Iowa 1984), and the jury's

determination of plaintiff's damages is not challenged here. Again, Iowa's underinsurance provisions are designed to make the victim whole and provide him with full compensation. *Tollari,* 362 N.W.2d at 522. Here the jury determined $541,000 made plaintiff whole. Plaintiff has already received $580,000. Plaintiff has already received full compensation and more. Plaintiff has no uncompensated damages.

Under these facts, the trial court erred in awarding any underinsured motorist benefits. We reverse the decision of the trial court. Costs on appeal are taxed to Ramsbacher.

**REVERSED.**