**Marsha Jo HALE, Plaintiff–Appellant,**

v.

**CLASSIFIED INSURANCE COMPANY, INC., n/k/a American Star Insurance Co., Defendant–Appellee.**

**No. 93–1893.**

Court of Appeals of Iowa.

May 30, 1995.

Larry L. Miller, Des Moines, for appellant.

Claude H. Freeman and Stephanie L. Glenn of Grefe & Sidney, Des Moines, for appellee.

Considered by HABHAB, P.J., and CADY and HUITINK, JJ.

HABHAB, Presiding Judge.

Marsha Jo Hale was injured in an automobile accident in 1985 involving a truck owned by Lange Tire Service (Lange Tire) and driven by Roderick Harding during his course of employment with Lange Tire. At the time of the accident, Classified Insurance Company (Classified) provided Hale with underinsured and uninsured motorist coverage. Lange Tire's insurance carrier denied coverage because the agent failed to forward a renewal premium. The agent's errors and omissions carrier, Employers Reinsurance Corporation (Employers), agreed to defend and indemnify Lange Tire and Harding up to its policy limits.

In November 1990, Hale settled with Employers and released and discharged Lange Tire, Harding and Employers from any and all past, present or future claims, demands or obligations resulting from the accident with Hale. Hale did not inform Classified of the lawsuit or the settlement until she later made a demand for underinsured motorist coverage.[1] Classified refused the claim and Hale filed a petition seeking the policy limits of her underinsured motorist coverage.

Classified filed a motion for summary judgment, claiming Hale breached the consent-to-settlement clause of the underinsured/uninsured provisions in the policy. The district court granted the motion. Hale appeals.

### I.

The scope of review is for errors of law. Iowa R.App.P. 4.

 Summary judgment is appropriate only if there exists no genuine issue of mate-

---

1. In Hale's original petition, Hale sought uninsured motorist coverage. A motion was later made to amend the petition to make a claim for underinsured motorist coverage. Both parties agreed the claim should be for underinsured, rather than uninsured, coverage and the court allowed the amendment.

rial fact. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne,* 424 N.W.2d at 423.

## II.

There are a number of undisputed facts in this case. Hale is an insured under a policy issued by Classified. This policy included both uninsured and underinsured coverage. The limits of both types of coverage were $20,000 per person with maximum coverage of $40,000. The uninsured and underinsured motorist section of the policy includes the following exclusion:

**EXCLUSIONS**

This coverage does not apply to bodily injury sustained by a person:

· · · · ·

 (2) If that person or the legal representative of the person makes a settlement without our written consent.

The policy also includes the following provision regarding Classified's subrogation and reimbursement rights.

**OUR RECOVERY RIGHTS**

In the event of any payment under this policy, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to prejudice our rights.

When a person has been paid damages by us under this policy and also recovers from another, the amount recovered from the other shall be held by that person in trust for us and reimbursed to us to the extent of our payment.

The parties do not dispute these provisions are included in the policy issued by Classified.

There is also no dispute regarding the following facts involving the settlement. Classified was not notified of the lawsuit, nor was it provided with any papers involved in the lawsuit, prior to Hale making the claim for underinsured motorist coverage. Hale entered into a settlement agreement and released Lange Tire, Harding, and Employers from any future liability regarding the accident. The release provision of the settlement provided:

1.0 Release and Discharge

1.1 In consideration of the payments set forth in Section 2, Claimant hereby completely releases and forever discharges Defendant and Insurer from any and all past, present, or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, which the Claimant now has or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of the incident described in Recital A above, including, without limitation, any and all known or unknown claims for bodily and personal injuries to Claimant, or any future wrongful death claim of Claimant's representative or heirs, which have resulted or may result from the alleged acts or omissions of the Defendant.

In addition, we find there is no dispute Hale entered into this agreement without the consent of Classified.

## III.

We believe the district court was correct in stating the decision in this case is governed by *Kapadia v. Preferred Risk Mutual Insurance Co.,* 418 N.W.2d 848 (Iowa 1988). Neither of the cases raised by Hale is directly on point.

In *Elliott v. Farm Bureau Mutual Insurance Co.,* 494 N.W.2d 731 (Iowa App.1992), a car accident victim recovered the full amount from the tortfeasor's insurance company, and an additional amount from the non-exempt personal funds of the tortfeasor. The victim, Elliott, sustained damages over the amount recovered. Elliott and his wife filed an action against his insurer, Farm Bureau, claiming entitlement to the underinsured motorist proceeds available under his policy with Farm Bureau. *Elliott,* 494 N.W.2d at 732. The Elliotts filed an application for adjudication of law points to determine whether Farm Bureau was entitled to a credit against the underinsured motorist benefits from the sums personally paid by the tortfeasor until the Elliotts had been fully compensated. *Id.* at 732–33. We held an underinsured motorist carrier is not entitled to reimbursement of its payments from any personal assets recovered from a settling tortfeasor. *Id.* at 734. We found *Kapadia* was not controlling on this issue. *Id.* at 733.

In *Continental Western Insurance Co. v. Krebill,* 492 N.W.2d 405 (Iowa 1992), two car accident victims, Krebill and Nafziger, were involved in a multi-vehicle collision involving a drunk driver. In addition to receiving underinsurance benefits from their insurer, Continental, the victims received additional payments from three tortfeasors. *Id.* at 405. It was stipulated both victims suffered damages in excess of the total amount of benefits and payments received. *Id.* Continental filed suit asking for repayment of underinsurance benefits received by the victims. *Id.* Continental contended Iowa Code section 516A.4 (1991) authorized and guaranteed a right of reimbursement, and further argued *Kapadia* supported this position. *Id.* at 406. In finding Continental was not entitled to

such a guarantee under the statute, the supreme court also specifically distinguished the situation in *Kapadia* from the situation in *Krebill* and found *Kapadia* not to be controlling since *Kapadia* involved a consent-to-settlement clause and a subrogation clause. *Id.* at 406–07.

We find neither *Elliott* nor *Krebill* to be directly on point. The primary issue in *Elliott* was whether an insurer had an entitlement, pursuant to Iowa Code section 516A.4 (1991), to reimbursement of its payments from any personal assets recovered from a settling tortfeasor. The issue in *Krebill* was whether an insurer was guaranteed a right to reimbursement by section 516A. *Kapadia,* on the other hand, directly addresses the issue before us of whether an insured who breaches the policy's consent-to-settlement clause could nevertheless collect under the policy's underinsured motorist coverage.

The factual situation leading up to the dispute in *Kapadia* is also substantially similar to the situation in this case. Kapadia, the victim, was involved in a car accident, and was insured at the time of the accident under a policy issued by Preferred Risk. *Kapadia,* 418 N.W.2d at 849. Without the consent of Preferred Risk, Kapadia entered into a settlement with the tortfeasor for an amount equal to the maximum limit of the tortfeasor's policy. *Id.* Kapadia alleged injuries in excess of the amount recovered from the tortfeasor, and sought to recover from Preferred Risk under the underinsured motorist endorsement of Kapadia's policy. *Id.* The underinsured motorist coverage under Preferred Risk's policy included a consent-to-settlement clause much like the clause in the present case.[2] Preferred Risk's policy also included a subrogation clause similar to the clause in the present case.[3]

---

**2.** In *Kapadia,* the consent-to-settlement clause for the uninsured motorist coverage was included in the following provision of the policy. The policy did not apply:

> b. to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this insurance, shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefore....

*Kapadia v. Preferred Risk Mut. Ins. Co.,* 418 N.W.2d 848, 850 (Iowa 1988). We find this clause to be substantially similar to the clause at issue in the present case.

**3.** The subrogation clause included in the underinsured motorist endorsement provided that:

> [i]n the event of any payment under this insurance, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary

The district court granted Preferred Risk's motion for summary judgment, and in doing so found the consent-to-settlement clause was valid and was violated by Kapadia. *Id.* On appeal, Kapadia contended the consent-to-settlement clause was invalid and violative of public policy. *Id.* at 850. Our supreme court found insurers may use consent-to-settlement clauses and subrogation clauses to protect their interests under the policy. *Id.* at 851. This holding was limited as follows:

> We emphasize that we today hold only that chapter 516A allows for, and is consistent with, the type of subrogation clause contained in Kapadia's policy. We do not reach the question of whether section 516A.4 in and of itself grants a right of subrogation to the insurer.

*Id.* at 852. Our supreme court stated:

> [W]e hold that the insurer may establish the breach of the consent-to-settlement clause as an affirmative defense to recovery on the underinsurance endorsement if it proves that, absent such a breach, it could have collected from the tort-feasor under its rights embraced by the contractual subrogation clause.

*Id.* In short, this affirmative defense is available to an insurer if the insurer can show both a breach of the consent-to-settlement clause and actual prejudice.

There cannot be any dispute as to whether there was a breach of the consent-to-settlement clause. Hale clearly entered into the settlement agreement without Classified even knowing a lawsuit had been filed.

The question that remains is whether Classified was prejudiced by Hale's breach. Affidavits were provided which clearly established Lange Tire is a going concern which has assets to satisfy a judgment to the limits of Classified's underinsurance coverage at any time between 1985 and the present. As a result, the district court properly concluded Classified could have collected from Lange Tire under the subrogation clause, absent Hale's release of Lange Tire from liability.

Since the requirements of *Kapadia* have been met, we affirm the district court's decision to grant Classified's motion for summary judgment.

**AFFIRMED.**

---

to secure such rights. The insured, shall do nothing after loss to prejudice such rights.

*Kapadia,* 418 N.W.2d at 850. We find this clause to be substantially similar to the clause at issue in the present case.