**LaVern KLUITER and Myrna Kluiter, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 86–1047.

Supreme Court of Iowa.

Dec. 23, 1987.

W.H. Gilliam, Waterloo, for appellants.

Gene Yagla, of Lindeman & Yagla, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO and NEUMAN, JJ.

SCHULTZ, Justice.

This appeal from a declaratory judgment action involves a motor vehicle insurance policy providing underinsured motorist coverage. The dispositive issue is whether an exclusion denying coverage to an insured occupying a vehicle owned by the insured but which is not insured under the policy in question is enforceable. The trial court held the exclusion effective and denied the insured this coverage. We affirm.

On August 10, 1982, LaVern Kluiter and his wife Myrna were injured by an underinsured motorist, Michael Buss, while riding their motorcycle. After settling with Buss and his liability carrier for the policy limit of $15,000 per person, Kluiters sought underinsured motorist coverage under their motorcycle liability policy. This resulted in a settlement of $20,000 from Grinnell Mutual,[1] the liability carrier, and $23,000 from the errors and omissions carrier of the agent who had sold Kluiters the policy but had improperly excluded underinsured motorist coverage.

Kluiters then presented a claim against State Farm Mutual Automobile Insurance Company for additional underinsured motorist coverage under the three separate motor vehicle policies covering three other automobiles owned by the Kluiters. The underinsured motorist coverage limit on two of the policies was $25,000/$50,000, and on the other policy it was $15,000/$30,000. State Farm denied coverage because its policies excluded coverage for injuries sustained while operating a vehicle owned by the insured but not covered under the policy.

---

1. The evidence showed that this $20,000 settlement was a result of Grinnell Mutual extending to Kluiters underinsured motorist coverage in the amount of $25,000/$50,000 but offsetting the $30,000 settlement they received from the Buss liability carrier. Although this type of set-off was subsequently held improper in *American States Ins. Co. v. Tollari*, 362 N.W.2d 519, 522 (Iowa 1985), Grinnell Mutual's set-off is not at issue in this case. Mr. Kluiter admitted that Grinnell Mutual eventually extended this coverage.

Kluiters commenced a declaratory judgment action to establish underinsured motorist coverage under each of the State Farm policies. State Farm defended on the basis of the owned but not insured exclusions. It further maintained that Kluiters had violated a policy provision requiring the insurer's consent to settle with the tortfeasor and also asserted an anti-stacking clause. The trial court ruled that exclusions found in each policy for injuries sustained while occupying an owned but not insured vehicle were enforceable and dismissed the action. The court did not decide whether the consent-to-settle or anti-stacking clauses were grounds to deny coverage.

The issues presented require us to interpret Iowa Code chapter 516A (1981), which deals with underinsured and uninsured motorist coverages. Iowa Code section 516A.1 [2] requires that motor vehicle liability insurers provide coverage to their insureds for injuries caused by uninsured and underinsured motorists, unless such coverage is rejected by the insured in writing. Underinsured motorist coverage was first required by statute in Iowa in 1980. *See* 1980 Iowa Acts ch. 1106, §§ 6–7. Prior to that time chapter 516A only required uninsured motorist coverage.

Both uninsured and underinsured motorist coverages are designed to provide protection against injury negligently caused by persons unable to compensate the victims of their negligence. *See American States Ins. Co. v. Tollari*, 362 N.W.2d 519, 522 (Iowa 1985). Uninsured motorist coverage applies when a tortfeasor either has no insurance or has less than the amount stated in Iowa's financial responsibility law, Iowa Code section 321A.1(10). *See* Comment, *Underinsured Motorist Coverage in Iowa: American States Insurance Co. v. Tollari*, 71 Iowa L.Rev. 1569, 1581–82 n. 78. It is designed to guarantee a minimum recovery equal to the amount required in the financial responsibility law. *Lindahl v. Howe*, 345 N.W.2d 548, 550 (Iowa 1984). Underinsured motorist coverage applies where the negligent tortfeasor has at least the amount of insurance required by the financial responsibility law, but does not have enough to fully compensate the victims of negligence. *Tollari*, 362 N.W.2d at 522; *see* Comment, 71 Iowa L.Rev. at 1581–82. Thus, the purposes behind requiring uninsured and underinsured motorist coverages are somewhat different. Uninsured motorist coverage guarantees a minimum recovery while underinsured motorist coverage seeks to provide compensation to the extent of injury, subject to the policy limit. These purposes are relevant to any discussion of the validity of the policy exclusion asserted by State Farm.

The basic issue is the enforceability of language contained in each [3] of the three State Farm policies, purporting to exclude underinsured motorist coverage if the claimed injury to an insured occurred while occupying an owned vehicle not insured under the particular policy. The exclusion states:

THERE IS NO COVERAGE:

. . . . .

2. FOR *BODILY INJURY* TO ANY *INSURED:*

    a. WHILE *OCCUPYING*, OR

    b. *THROUGH BEING STRUCK BY* A MOTOR VEHICLE OWNED BY

---

**2.** Iowa Code section 516A.1 provides, "[n]o automobile liability or motor vehicle liability insurance policy ... shall be delivered or issued for delivery in this state ... unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle ... or an underinsured motor vehicle...."

**3.** One of the policies was originally issued before underinsured motorist coverage was required and did not show such coverage or its limits. This causes some confusion as to the existence and amount of the coverage. Testimony of a State Farm employee indicates an endorsement was subsequently executed and he opined that this would provide minimum coverage of $15,000/$30,000. The trial court found that this policy provided coverage of $15,000/$30,000 and was subject to the same exclusions stated in the other two policies. Appellant does not challenge this finding which, in any event, is adequately supported by substantial evidence in the record. Thus, we agree that the underinsured motorist endorsement, with exclusions, was a part of all three policies.

*YOU, YOUR SPOUSE* OR ANY *REL-ATIVE* IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY.

(Emphasis in original.) Kluiters admit that under the terms of the policy they are not entitled to recover from State Farm. They claim, however, that this exclusion violates the public policy expressed in Iowa Code chapter 516A and should not be enforced.

State Farm argues that the exclusion does not violate public policy and that such exclusions are authorized by statute. Section 516A.2 expressly states, "[s]uch forms of coverage may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits." Because we believe the exclusion in question is of the type authorized by section 516A.2, we affirm the trial court in upholding its validity.

The authorization of policy exclusions to prevent duplication of coverage in section 516A.2 has received much attention in our treatment of issues involving uninsured and underinsured motorist coverages. *See Tri–State Ins. Co. v. De Gooyer,* 379 N.W.2d 16, 18–19 (Iowa 1985); *American States Ins. Co. v. Tollari,* 362 N.W.2d 519, 525 (Iowa 1985) (Wolle, J., dissenting) (section also alluded to in majority opinion although not cited); *Westhoff v. American Interinsurance Exch.,* 250 N.W.2d 404, 408–09 (Iowa 1977); *McClure v. Employers Mut. Casualty Co.,* 238 N.W.2d 321, 325–27 (Iowa 1976). In the uninsured motorist context, we have held that a policy provision allowing a set-off against the coverage limit for amounts received from a third party tortfeasor was valid. *See Davenport v. Aid Ins. Co.,* 334 N.W.2d 711, 715 (Iowa 1983). In *Davenport,* potential duplication existed because the purpose of uninsured motorist coverage is to provide a set minimum level of recovery, and the set-off provision was consistent with that purpose. *Id.* at 713–15. Likewise in *De Gooyer,* an underinsured motorist case, we upheld an anti-stacking clause to prevent the insured from recovering duplicate benefits. 379 N.W.2d at 19. In *De Gooyer,* the insured wanted to recover $110,000, which represented the stated policy limit ($55,000)

times the number of vehicles insured under the policy (2). Potential duplication existed there because the insured was seeking to recover as if he had two separate policies.

In the present case, we also find potential duplication at which the exclusion in question is aimed. The exclusion is therefore valid as it is authorized by section 516A.2. As stated above, the exclusion prevents an insured from recovering benefits under a particular policy when he is injured while occupying a vehicle he owns, but has chosen not to insure under that policy. The exclusion clearly prevents an insured from being able to recover under more than one underinsured motorist provision. Here Grinnell Mutual extended such coverage to Kluiters on the vehicle not covered under the three State Farm policies. Without the exclusion the insured could receive duplicate coverage by recovering under all four policies. Our statutes do not require this result.

Our conclusion is consistent with prior case law. In *Tollari,* we held that an insurer could not set-off money recovered from a third party tortfeasor against its underinsured motorist coverage limit. 362 N.W.2d at 522. In *Tollari,* no duplication existed because the purpose of underinsured motorist coverage is to provide compensation up to the amount of injury, rather than up to a set minimum amount as is the case with uninsured motorist coverage. *Tollari* did not involve a situation like the present case where recovery under more than one underinsured motorist policy is sought. In addition, the holding in *Tollari* was expressly limited to situations where no duplication exists. *Id.*

Our result is also consistent with *Lindahl v. Howe,* 345 N.W.2d 548 (Iowa 1984), a case which the appellant cites as controlling on the present issue. At first glance, *Lindahl* does seem to have precedential value. In that case, we held that an owned but not insured exclusion in an uninsured policy was invalid because it denied an insured the minimum amount of coverage provided by statute. *Id.* at 550–51. However, we expressly stated that no potential

duplication had been shown to exist. *Id.* at 551. If the exclusion had been upheld, the insured would have been left with no coverage at all. That is not true in the present case. Kluiters did have coverage provided in their motorcycle policy and the exclusion at issue is intended to avoid duplication of that coverage. In arguing that *Lindahl* is controlling, appellant misses the fact that in the present case there are duplication concerns while in *Lindahl* there were not.

Our decision finds further support from two Arizona cases. In one case, the Arizona Supreme Court, citing *Lindahl*, held that an owned but not insured policy exclusion violated the public policy behind Arizona's uninsured motorist statute. *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985). Shortly thereafter, the court of appeals held that these same policy concerns did not void such an exclusion in underinsured motorist coverage. *Mason v. State Farm Mut. Auto. Ins. Co.*, 148 Ariz. 271, 274, 714 P.2d 441, 444 (Ct. App.1985) (rev. den. 1986). In *Mason*, a case remarkably similar to our case, the insured was operating a motorcycle and was hit by a vehicle driven by a negligent underinsured motorist. *Id.* at 272, 714 P.2d at 442. After collecting the policy limits under the other motorist's liability insurance and the underinsured motorist provision of the motorcycle policy, the insured sought additional underinsured motorist coverage under his automobile liability policy, even though the automobile was not involved in the accident. *Id.* The underinsured motorist provision of the automobile policy contained an owned but not insured exclusion identical to the ones involved in this case. The court rejected public policy arguments and distinguished *Calvert*, holding that the exclusion was valid. *Id.* at 274, 714 P.2d at 444. The court reasoned that the public policy of guaranteeing a minimum amount of recovery was fully satisfied by the amount of coverage already available to the insured. *Id.*

The trial court correctly ruled that appellants are not entitled to underinsured motorist coverage under the State Farm policies. We therefore do not need to address the other issues presented.

AFFIRMED.