Greg VEACH, Appellee,

v.

FARMERS INSURANCE COMPANY, Appellant.

89–1525.

Supreme Court of Iowa.

Sept. 19, 1990.

As Corrected Oct. 5 and 19, 1990.

Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, for appellee.

Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellant.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

The facts in this case are undisputed. On May 9, 1987, Greg Veach, while riding his motorcycle, was seriously injured by an underinsured motorist. The other motorist paid $100,000 to him. By stipulation the parties agreed Veach sustained personal injuries and incurred out-of-pocket expenses of at least $175,000. Veach's motorcycle was covered by a policy issued to him by Mid–Century Insurance Company. Mid–Century is a member of the Farmers Insurance Group of Companies. This policy provided $25,000 of underinsured motorist coverage per person. The $25,000 was paid to Veach by Mid–Century.

As a family member Veach was also an "insured" under a policy issued to his mother, Janice Veach, by another member of the Farmers Insurance Group. The underinsured motorist limits of this policy were $50,000 per person, per occurrence.

Both policies contained the following:

*Definitions.*

Throughout this policy, "you" and "your" mean the "named insured" shown in the declarations and spouse if a resident of the same household.

*Exclusions.*

This coverage does not apply to bodily injury sustained by a person:

. . . .

4. If the injured person was occupying a vehicle you do not own which is

insured for this coverage under another policy.

*Other Insurance.*

5. If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

Greg Veach brought an action at law for judgment against the insurer based upon its failure to make payments required by the underinsured motorist provisions issued to his mother. Both parties filed motions for summary judgment. The district court held the exclusion invalid and the "other insurance" clause valid. The court accordingly granted Veach summary judgment of $25,000, which is the difference between the amount he had already received and the policy limits of Janice Veach's policy. The court also awarded Veach prefiling and postfiling interest.

Farmers appealed the court's ruling on the exclusion and the award of prefiling interest. Veach appealed the ruling on the "other insurance" clause.

■■■ Our review of the court's summary judgment is at law. Iowa R.App.P. 4. The issues raised on appeal are legal. They involve the construction of the provisions of the insurance policy and the application of statutory provisions relating to interest. When construing the underinsured motorist provisions of an insurance policy, we recognize Iowa Code section 516A.2 forms a basic part of the policy and is treated as if it had actually been written into the policy. *Tri–State Ins. Co. of Minn. v. De Gooyer,* 379 N.W.2d 16, 17 (Iowa 1985). The terms of the policy are to be construed in light of the purposes and intent of the applicable statute. *Id.* Section 516A.2 permits an insurer to write exclusions and limitations into an auto policy relating to underinsured coverage, so long as those conditions are designed to avoid duplication of insurance or other benefits. *Poehls v. Guaranty Nat'l Ins. Co.,*

436 N.W.2d 62, 64 (Iowa 1989). We affirm in part, reverse in part, and remand.

## I. *The Exclusion.*

The district court held the underinsured motorist policy exclusion was void as against public policy. We agree. The policy issued to Janice Veach purports to exclude from coverage any vehicle not owned by the named insured which has underinsured motorist coverage under another policy. This exclusion is related to, but different from, the one involved in *Kluiter v. State Farm Mutual Auto Insurance Co.,* 417 N.W.2d 74 (Iowa 1987). That exclusion applied to vehicles which the named insured owned, but which were not covered in the policy in question. Thus, *Kluiter* involved an "owned-but-not-insured" exclusion, while the instant case involves a "not-owned-but-insured" exclusion. This is a crucial distinction.

When an "owned-but-not-insured" clause comes into play, the insured has control of the vehicle and the coverage on it. If a person decides to buy a small amount of underinsured motorist coverage for it, *Kluiter* holds that the insured must live with that choice. *Id.* at 76. In the case of a "not-owned-but-insured" clause, as in this case, the insured often will not have any control over the coverage of the vehicle in which he or she is riding. In such a situation, the insured's underinsured motorist coverage may change each time the insured enters a different vehicle.

The fact that Greg Veach owned the motorcycle makes his coverage under the clause no less variable. Under the "not-owned-but-insured" clause, his underinsured motorist coverage would be slashed by one-half by the simple act of moving from his mother's car to his motorcycle. This inconsistency is contrary to "common sense and the consuming public's general understanding of coverage under these circumstances." *Poehls,* 436 N.W.2d at 64.

The average member of the consuming public would doubtlessly find it strange that by purchasing $25,000 of underinsured motorist coverage Greg lost $50,000 of underinsured motorist coverage provided

under his mother's policy. Moreover, under such a clause, the insureds are often better covered in a vehicle with no underinsured motorist coverage than in one with the statutory minimum. As pointed out by the trial court, this situation is similar to the circumstances that prompted mandatory underinsured motorist coverage in the first place. *See* 2 Widiss, *Uninsured & Underinsured Motorist Insurance*, § 35.1 at 38.

We are aware that we have upheld a "not-owned-but-insured" clause in the uninsured motorist context. *McClure v. Employers Mut. Casualty Co.*, 238 N.W.2d 321, 326–27 (Iowa 1976). The difference in treatment between uninsured motorist and underinsured motorist coverage is due to the differing objectives of each type of coverage.

■ The purpose of uninsured motorist coverage is to ensure minimum compensation to victims of uninsured motorists. *Id.* 327. The goal of underinsured motorist coverage, on the other hand, is full compensation to the victim to the extent of the injuries suffered. *McClure v. Northland Ins. Co.*, 424 N.W.2d 448, 449–50 (Iowa 1987). We have adopted the "broad coverage" view of underinsured motorist coverage, while taking a "narrow coverage" view of uninsured motorist coverage. *Id.* This means that benefits that are duplicative in the uninsured motorist context are not necessarily so in the underinsured motorist context. *Compare e.g., McClure v. Employers Mut.*, 238 N.W.2d 321 (insurer allowed to deduct worker's compensation benefits from uninsured motorist policy limits) *with McClure v. Northland*, 424 N.W.2d 448 (insurer not allowed to deduct worker's compensation benefits from underinsured motorist policy limits).

■ In the case of both uninsured motorist and underinsured motorist coverage we look to see whether the goal of the type of insurance involved will be met. With uninsured motorist coverage this means looking to see whether the insured will receive minimum compensation as set by statute. Iowa Code §§ 516A.1, 231A.1(10). With underinsured motorist coverage it means looking to see if the victim will be fully compensated. 424 N.W.2d at 450. Because Greg Veach has not yet been fully compensated, the enforcement of the "not-owned-but-insured" clause would frustrate the purpose of underinsured motorist coverage.

Because the "not-owned-but-insured" clause in this case frustrates the purpose of underinsured motorist coverage and because it is contrary to "common sense and the consuming public's general understanding of coverage under these circumstances," we hold the exclusion is invalid. The goal of full compensation has not been met in this case. The ruling of the district court on this point is affirmed.

## II. *Other Insurance Clause.*

■ The "other insurance" clause has no application to the facts of this case. Only one policy was issued to Greg Veach as the named insured. He was not the named insured of the policy issued to his mother. By definition in the policy the "other insurance" clause relates to any other applicable insurance issued to the named insured. It does not refer to other family members. As an insured, Veach is entitled to recover the full amount of the limits provided under the underinsured coverage. The district court judgment for $25,000 must be reversed and judgment entered for $50,000.

## III. *Prefiling Interest.*

■ Generally, interest runs "from the time money becomes due and payable and, in the case of unliquidated claims, from the date they become liquidated." *Woods v. Schmidt*, 439 N.W.2d 855, 870 (Iowa 1989). One recognized exception to this rule is where the entire damage for which recovery is demanded was complete at a definite time before the action was begun. *Midwest Management Corp. v. Stevens*, 353 N.W.2d 76, 83 (Iowa 1984). The trial court allowed recovery of interest at five percent from the date of the accident. Veach urges this was proper because under the terms of the policy he was entitled to money due by express contract or money to become due by contract. Iowa

Code § 535.2(1)(a)(g). While this action may be founded on contract, the measure of recovery is for unpaid damages for personal injury resulting from a motor vehicle accident where the amount the insured person is legally entitled to recover against the owner of the underinsured motor vehicle exceeds such owner's bodily injury policy limit. There was no pleading or proof that the damages were completed at a definite time before the action was commenced. The amount of the damages recoverable under the policy did not become fixed until after the action was commenced. *See Lemrick v. Grinnell Mut. Reinsurance Co.,* 263 N.W.2d 714, 720 (Iowa 1978). The interest allowed is thus limited to the statutory ten percent allowed on the amount of the judgment accruing from the date of the commencement of the action. Iowa Code § 535.3. We vacate the award of prefiling interest and remand to the district court for entry of judgment as provided in this opinion and for interest from the date of the commencement of the action.

DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.