Carol Beronich **JONES** and Terry Feehan, Individually and as Next Friends of Melissa Feehan, Their Daughter, Appellants,

v.

**AMERICAN STAR INSURANCE CO., Appellee.**

No. 92–959.

Supreme Court of Iowa.

June 16, 1993.

John A. Pabst of Clements, Pabst, Hansen & Maughan, Albia, for appellants.

Timothy J. McKay of McKay, Moreland & Webber, P.C., Ottumwa, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and LAVORATO, JJ.

SCHULTZ, Justice.

We must decide whether a family exclusion clause contained in an automobile insurance policy providing underinsured motorist coverage is void on public policy grounds. This action was commenced by Carol Beronich Jones and Terry Feehan, individually and as next friends of their daughter, Melissa Feehan. The district court granted American Star Insurance Company's (American) motion for summary judgment on the basis that the policy's family exclusion clause denied coverage. We affirm.

Melissa lived with her mother, Carol, her stepfather, Larry Jones, and Larry's son, Kenneth Jones. Melissa was a passenger in Larry's car when Kenneth drove it across the center line of the highway and collided with another vehicle. The car was insured by American under a policy that provided both liability and underinsurance coverage. American tendered its liability limits of $40,000, on the basis of one-third each, to Melissa and the two occupants of the other vehicle for their injuries and damages. In this action, plaintiffs seek recovery for Melissa's injuries from Larry Jones, another insurance carrier, and American. The action against American seeks underinsured motorist coverage for Melissa for the policy amount of $20,000 per person. This appeal is limited to the action against American for its underinsured motorist coverage.

Our review is simple. Because the parties stipulated to the facts, we must decide whether the district court correctly determined the legal consequences arising from the terms of the insurance policy. *Hernandez v. Farmers Ins. Co.*, 460 N.W.2d 842, 843 (Iowa 1990).

American does not deny that Melissa is a "covered person" under the underinsured motorist coverage which includes "any family member" and "any other person while occupying the covered auto." In

its decision, the district court relied upon the policy exclusion clause:

> However, "underinsured motor vehicle" does not include any vehicle:
>
> ....
>
> 2. Owned by or furnished or available for the regular use of you or any family member.

Plaintiffs maintain that the above-quoted exclusion is void because it is contrary to public policy.

Recently, we rejected a similar "public policy" claim raised by an insured under a homeowner policy that contained a family exclusion. *Principal Casualty Ins. Co. v. Blair*, 500 N.W.2d 67 (Iowa 1993). We explained that the term "public policy"

> [i]s not susceptible of an exact definition, but "a court ought not enforce a contract which tends to be injurious to the public or contrary to the public good." Further, we have observed that when a court determines whether a contract is contrary to the public good it must be cautious and act only in cases free from doubt. We must harmonize public policy and the freedom of parties to contract.

*Id.* at 69 (citations omitted).

Although the issue before our court is one of first impression, our case law is useful. In *Kluiter v. State Farm Mutual Auto Insurance Company*, 417 N.W.2d 74, 76 (Iowa 1987), the driver-owner of a motorcycle insured under a separate policy, sought underinsured motorist coverage from policies that insured his other vehicles. We gave effect to an "owned-but-not-insured" exclusion, indicating that the exclusion was intended to avoid duplication of coverage and rejected claims that the exclusion violated public policy. *Id.* at 76–77. As a result of our holding in *Kluiter*, a person may only collect underinsured motorist coverage for injuries that he or she sustained while operating a vehicle covered under the policy insuring that vehicle.

In an action for underinsured motorist coverage against the driver's insurer by the estate of a passenger killed in a one-vehicle accident, we upheld a limitation on coverage to amounts paid under the policy's liability coverage. *Poehls v. Guaran-*

*ty Nat'l Ins. Co.,* 436 N.W.2d 62, 64 (Iowa 1989). We explained that the plaintiff, an insured person under the driver's policy, sought benefits flowing from the driver's negligence as well as benefits arising because the owner purchased insufficient insurance to cover his potential liability. *Id.* at 64. To allow plaintiff to recover for negligence under both the liability and underinsurance provisions of the policy would, in effect, amount to a duplicate payment of liability benefits. *Id.* We held that limitation on coverage to amounts paid on the liability policy is valid and enforceable. *Id.* at 65.

In *Veach v. Farmers Insurance Company,* 460 N.W.2d 845 (Iowa 1990), plaintiff, an injured motorist, was unable to claim all his damages from the other motorist's liability insurance and his own underinsured motorist coverage. As a family member, plaintiff was also insured under his mother's policy for underinsured motorist coverage. His mother's policy excluded coverage for any vehicle not owned by the named insured that has underinsured motorist coverage under another policy. We held that the exclusion was contrary to public policy because the purpose of underinsured motorist coverage is to allow full compensation to the victim for injuries suffered. We distinguished *Kluiter* from *Veach* because in that case, the insured had control of the amount of underinsured motorist coverage purchased for their vehicle.

In the present case, Larry Jones chose the amount of liability coverage. If we void the exclusion of vehicles owned by family members from underinsured motorist coverage, we would, in effect, be allowing duplicate payments of liability benefits as in *Poehls.* In *Kluiter,* 417 N.W.2d at 77, and in *Poehls,* 436 N.W.2d at 64, we held that public policy was not violated by exclusions preventing duplication of coverage in underinsured motorist policies. We conclude that an exclusion denying benefits under the underinsured motorist clause of the policy when the liability portion of the same policy has been paid in full, is not void on public policy grounds.

Other jurisdictions have upheld the effectiveness of a household exclusion against underinsured motorist coverage when the same policy has provided benefits from the liability portions of the policy to the claim. *Cimarron Ins. Co. v. Croyle,* 479 N.W.2d 881, 886 (S.D.1992); *Burton v. State Farm Fire & Casualty Co.,* 796 P.2d 1361, 1364 (Alaska 1990); *Myers v. State Farm Mutual Auto Ins. Co.,* 336 N.W.2d 288, 291 (Minn.1983). It was stated in *Myers:*

> To now collect further under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage ... but Stein's [vehicle owner] insurance policy is not designed to compensate Stein or his additional insureds from Stein's failure to purchase sufficient liability insurance.

336 N.W.2d at 291. One noted author speaks to this limitation as follows:

> One persuasive reason for sustaining this limitation on the coverage is to preclude transforming underinsured motorist insurance into liability insurance for the operators of a vehicle covered by the applicable motor vehicle policy which includes both coverages.

2 Alan Widiss, *Uninsured & Underinsured Motorist Insurance,* § 35.5 (2d ed. 1990). We embrace the reasoning employed in *Myers* and by Professor Widiss.

In summary, we hold that the district court ruling dismissing plaintiffs' action against American is correct. Consequently, we affirm.

**AFFIRMED.**