**Estella L. HORNICK and Merrill David Hornick, Appellees,**

v.

**OWNERS INSURANCE COMPANY, Appellant,**

**Milwaukee Guardian Insurance, Inc., Defendant–Appellee,**

**Esther Stephens, Defendant.**

**No. 92–2017.**

Supreme Court of Iowa.

Dec. 22, 1993.

and Milwaukee. Milwaukee admitted it provided underinsured motorist coverage to Estella. Owners denied Estella had underinsured motorist coverage under the policy issued to Merrill.

Before trial, Owners filed a motion for summary judgment claiming Estella was not an insured entitled to underinsured motorist coverage because of the terms and exclusions in the policy. District Judge Dan F. Morrison denied Owners' motion.

Later, the case was tried to a jury. The defendants admitted Stephens' negligence and stipulated the existence of Stephens' insurance in the maximum amount of $25,000. The jury awarded Estella bodily injury damages of $39,248.56 and Merrill consortium damages of $1,500.

Hornicks' motion for judgment on the verdicts, which was resisted by Owners, was granted by Judge Phillip R. Collett. The court entered judgment against Stephens for the verdict amount and then, after deducting $25,000, apportioned the underinsured amount between Owners and Milwaukee based upon the limits of underinsured motorist coverage provided by the carriers. Both carriers had "other insurance" clauses which provided for proportional sharing of the loss. This apportionment resulted in a judgment of $11,811.42 plus interest against Owners and a judgment of $3,937.14 plus interest against Milwaukee. Owners appealed from this judgment and from other rulings made by the court.

## II. Review.

Our scope of review is for correction of errors at law. Iowa R.App.P. 4. The basic issue presented in this appeal involves the construction and interpretation of terms of an automobile insurance policy.

Construction of an insurance policy—the process of determining its legal effect—is a question of law for the court. Interpretation—the process of determining the meaning of words used—is also a question of law for the court unless it depends on extrinsic evidence or a choice among reasonable inferences to be drawn.

Randall C. Stravers, Pothoven, Blomgren & Stravers, Oskaloosa, for appellant.

J. Terrence Denefe, Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellees.

Allen A. Anderson, Spayde, White & Anderson, Oskaloosa, for defendant-appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Here we must decide if a pedestrian, who was struck and injured by an underinsured negligent motorist, is entitled to underinsured motorist benefits under her husband's automobile liability insurance policy. The district court concluded the injured pedestrian was an insured under the policy and entitled to underinsured motorist coverage. We reverse and remand based on a policy exclusion.

## I. Background.

On May 4, 1990, Estella Hornick was injured when struck by a vehicle driven by Esther Stephens while she was walking in a parking lot. Stephens was insured under an automobile liability policy. At the time of the accident, Estella was the named insured under an automobile policy issued by Milwaukee Guardian Insurance Company (Milwaukee) covering a 1982 Chrysler auto she owned jointly with her husband, Merrill David Hornick. The policy included underinsured motorist coverage of $100,000 per person, per occurrence. Merrill was the named insured under a policy issued by Owners Insurance Company (Owners) covering four vehicles he owned jointly with his wife. This policy provided underinsured motorist coverage of $300,000 per person, per occurrence.

Estella and Merrill filed suit against Stephens claiming damages for personal injury and loss of consortium. They also named as defendants their insurance carriers, Owners

*A.Y. McDonald Indus. v. INA,* 475 N.W.2d 607, 618 (Iowa 1991).

When construing the uninsured and underinsured provisions of an insurance policy it is necessary for us to carefully review both the language of the insurance policy and the provisions of chapter 516A.

Iowa Code chapter 516A authorizes automobile insurance coverage for protection against injuries caused by underinsured motorists and uninsured motorists or hit-and-run vehicles. It is mandatory that such coverage be provided by a motor vehicle liability insurance policy unless such coverage is rejected by the insured. *Tri–State Ins. Co. of Minnesota v. DeGooyer,* 379 N.W.2d 16, 18 (Iowa 1985). We recognize:

A statute that authorizes a contract of insurance has application beyond merely permitting or requiring such a policy. The statute itself forms a basic part of the policy and is treated as if it had actually been written into the policy. The terms of the policy are to be construed in light of the purposes and intent of the applicable statute.

*Id.* at 17 (citations omitted); *see also Veach v. Farmers Ins. Co.,* 460 N.W.2d 845, 847 (Iowa 1990).

### III. *Scope of Underinsurance Coverage.*

▉▉▉ Iowa Code chapter 516A provides mandatory protection against uninsured, underinsured, or hit-and-run motorists. We first consider whether the statute requires an insurer to offer insurance protection to an insured person who, as a pedestrian, is injured when struck by an uninsured or underinsured motor vehicle.

The language of chapter 516A makes it clear that the statute was intended to protect persons insured under a liability policy. Protection extends to persons

who are legally entitled to recover damages from the owner or operator of an uninsured ... or an underinsured motor vehicle because of bodily injury ... including death resulting therefrom, caused by accident and arising out of the ownership, maintenance, or use of such uninsured or underinsured motor vehicle....

Iowa Code § 516A.1 (1989). We have construed this section so that uninsured and underinsured coverages are complementary. *American States Ins. Co. v. Estate of Tollari,* 362 N.W.2d 519, 522 (Iowa 1985). "They protect against essentially one peril: loss caused by a tortfeasor who is not financially responsible." *Id.*

To provide protection against this peril, the coverage must be personal and portable. *See Bradley v. Mid–Century Ins. Co.,* 409 Mich. 1, 294 N.W.2d 141, 152 (1980) (Insureds are protected "when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick."). Uninsured and underinsured coverage protects and follows the person, not the vehicle.

Although we have not directly addressed the applicability of chapter 516A to pedestrians, we find ample support for this conclusion. In *Westerhausen v. Allied Mutual Insurance Co.,* 258 Iowa 969, 971–72, 140 N.W.2d 719, 721 (1966), we recognized "[t]he parties seem to agree that, had the insured been struck by the [uninsured] vehicle while walking or riding a bicycle, he would have been covered under [the uninsured motorist provision]...." The Minnesota Supreme Court, citing *Westerhausen,* concluded an insured was covered as a pedestrian under the uninsured motorist provisions because "uninsured motorist protection is not coverage for vehicles but for persons...." *Northland Ins. Co. v. West,* 294 Minn. 368, 201 N.W.2d 133, 135 (1972); *see also Niemann v. Badger Mut. Ins. Co.,* 143 Wis.2d 73, 420 N.W.2d 378, 381 (Wis.App.1988) (once uninsured motorist coverage is purchased, those insured for liability purposes have uninsured motorist protection under all circumstances); 1 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 4.2, at 60–61 (2d ed. 1992) [hereinafter Widiss] ("Persons who are either named insureds or family members who reside with named insureds are afforded relatively comprehensive protection under the uninsured motorist coverage." As insureds they "are protected when they are operating

or are passengers in a motor vehicle, as well as when they are engaged in any other activity such as walking, riding a bicycle, driving a hay wagon, or even sitting on a front porch.").

Owners' policy provides "we will pay bodily injury damages which you are legally entitled to recover from the owner or driver of any uninsured motor vehicle." Under the underinsured motorist endorsement, Owners agrees:

> Uninsured Motorist Coverage is extended to bodily injury arising out of the:
>
> 1. ownership;
> 2. maintenance;
> 3. operation; or
> 4. use;
>
> of a motor vehicle or motorcycle to which a bodily injury liability policy applies at the time of the accident but which provides limits of liability insufficient to satisfy damages the person is legally entitled to recover.... All other terms and conditions which apply to Uninsured Motorist Coverage also apply to this coverage.

Thus, under both section 516A.1 and under the terms of Owners' policy, an insured has underinsured protection as a pedestrian.

### IV. *Persons Insured.*

■ Section 516A.1 protects "persons insured under such policy." The statutory requirement applies to all motor vehicle liability insurance policies delivered or issued for delivery in this state. Iowa Code § 516A.1. Approximately three-quarters of the states have language similar to the Iowa statute. *See* Widiss, § 2.8, at 38 & n. 3. Under these statutory provisions courts have concluded persons who *must* be insured by the underinsured motorist insurance are those who are protected by the liability coverage. *Id.* at 38 & n. 4; § 4.23, at 169. *See, e.g., Rau v. Liberty Mut. Ins. Co.,* 21 Wash.App. 326, 585 P.2d 157, 159 (1978). We have adopted this prevailing view. *Kats v. American Family Mut. Ins. Co.,* 490 N.W.2d 60, 62 (Iowa 1992).

Uninsured and underinsured motorist policies usually state who is entitled to seek indemnification by defining the term "insured" or "covered person." Coverage is generally provided for three distinct groups of persons. Widiss, § 4.1, at 59. The first group includes the named insured identified on the declarations page and, while residents of the same household, the spouse and relatives of the named insured. *Id.* The second group defined as insured is usually any other person while occupying a covered or insured vehicle. *Id.* The third group includes persons who may claim damages because of bodily injury to persons in group one or two. *Id.*

The liability coverage provision of Owners' policy states:

> We will pay damages for bodily injury and damage to tangible property for which you become legally responsible and which involve your automobile. We will pay such damages on your behalf, on behalf of any relative who lives with you, or on behalf of any person using your automobile with your permission.

The terms "you" or "your" are not defined in the policy. *See, e.g., Huebner v. MSI Ins. Co.,* 506 N.W.2d 438, 440–41 (Iowa 1993); *Veach,* 460 N.W.2d at 846. Relatives who live with you are provided liability coverage. The provision relating to "involving your automobile" has application to the liability coverage but does not limit the coverage prescribed by section 516A.1. If uninsured and underinsured coverage were only provided to insureds "involving" your vehicle, no coverage would be provided to a pedestrian. This would be contrary to the purpose and intent of section 516A.1. We conclude Estella is a person insured for liability purposes under the provisions of Owners' policy. As such she was entitled to the protection of chapter 516A.

### V. *Exclusions.*

■ Having concluded Estella is a person insured under the Owners policy, we next determine if coverage is excluded by the terms of the policy. The Owners policy provides:

> If you are an individual, we extend this coverage. We will pay bodily injury damages which you are legally entitled to recover from the owner or driver of any uninsured motor vehicle. We give this

same protection to any relative living with you who does not own a car.

The insurer has the burden of proving coverage is excluded by an exclusion or exception in the policy. *West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993). An insurer assumes a duty to define any limitations or exclusionary clauses in clear and explicit terms. *Id.*

Judge Morrison found the exclusion to be a "not owned but insured" exclusion. Based on his conclusion that such an exclusion was void under our holding in *Veach*, he denied Owners' motion for summary judgment. *See Veach*, 460 N.W.2d at 848.

Owners argues the exclusion for "any relative who owns a car" should be treated as a valid "owned but not insured" exclusion. Owners' policy included several other exclusions, one of which excluded injury to a person "while occupying ... a motor vehicle owned by you or a relative living with you which is not insured for this coverage by this policy." However, this exclusion is not applicable because Estella was not "occupying" a vehicle.

We agree with Owners' argument that an "owned but not insured" exclusion may be an enforceable provision in underinsured motorist coverage. *Ciha v. Irons*, 509 N.W.2d 492 (Iowa 1993); *Dessel v. Farm & City Ins. Co.*, 494 N.W.2d 662, 663–64 (Iowa 1993); *Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74, 76 (Iowa 1987). Generally, provisions which exclude coverage for insureds who "own" a vehicle other than the insured vehicle are enforceable. *See* Widiss, §§ 4.21a–.22, at 165–67.

Owners' extension of underinsured motorist coverage to any relative who does not own a car may be viewed as an attempt to avoid duplication of insurance coverage and is therefore permitted under Iowa Code section 516A.2. We make clear, however, that our decision is based on the "owned" exclusion as it relates to Estella's ownership of the 1982 Chrysler vehicle.

VI. *Disposition.*

We reverse the judgment entered against Owners. We remand for entry of a judgment for Owners and for entry of a judgment against Milwaukee for $15,748.56 plus interest at the rate of ten percent per annum from and after June 22, 1991. The costs of appeal shall be taxed against Milwaukee and the Hornicks.

**REVERSED AND REMANDED.**