Randall **WALTER** and Cathy Walter, Individually and as Next Friend of Justin Walter, A Minor Child, Appellants,

v.

Rebecca Ann **KINSEY** and Dennis Kinsey, Defendants,

State Farm Mutual Automobile Insurance Company, Appellee.

No. 93–553.

Supreme Court of Iowa.

June 22, 1994.

Bruce L. Anderson of Courter, Quinn, Doran & Anderson, Boone, for appellants.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

PER CURIAM.

Insureds appeal from the district court decision limiting their recovery for personal injuries to benefits under their motorcycle policy through giving effect to an "owned-but-not-insured" exclusionary clause in their automobile policy. We affirm.

While riding on his motorcycle, Randall Walter and his ten-year-old son, Justin, were hit by an underinsured motorist and Justin was severely injured. The underinsured motorist had $25,000 in liability insurance which Justin recovered.

Randall had insurance on his motorcycle and his automobile through the same insurer, State Farm Mutual Automobile Insurance Company, but under different policies. The motorcycle was covered by a policy which had $20,000 of underinsured motorist coverage. The automobile was covered under a separate policy which had $100,000 underinsured motorist coverage, but provided there was no coverage for bodily injury while occupying a vehicle owned by the insured but not insured under this policy. The motorcycle was not insured under the auto policy.

Randall and his wife, as next friends to Justin (the Walters), filed suit for underinsured motorist benefits under both policies. The parties stipulated that Justin's damages were $145,000 and that he would be entitled to benefits under the motorcycle policy. State Farm moved for partial summary judgment, seeking an order that recovery could not be made against the auto policy. After a hearing, the district court granted the motion. After trial of the remaining claims on a stipulated record, the district court entered judgment limiting the recovery for Justin's injuries from State Farm to the $20,000 underinsured motorist benefits under the motorcycle policy. The Walters appeal.

"Owned-but-not-insured" clauses are valid under Iowa law. *Ciha v. Irons*, 509 N.W.2d 492, 494 (Iowa 1993); *Dessel v. Farm & City Ins. Co.*, 494 N.W.2d 662, 664 (Iowa 1993); *Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74, 76 (Iowa 1987). An insured has the freedom to elect to have different policies for different vehicles. *Ciha*, 509 N.W.2d at 494.

The Walters contend that, because Justin is a minor and is insured by definition, he did not elect to carry less insurance on the

motorcycle. They argue Justin was in a similar position to the plaintiff in *Veach v. Farmers Insurance Co.*, 460 N.W.2d 845 (Iowa 1990), in that his coverage would change based on what vehicle he was in.

In *Veach*, we held that a "not-owned-but-insured" exclusion was void as against public policy. *Id.* at 849. The policy provision would have excluded the coverage available to Veach as a family member under his mother's policy because he was injured while occupying a vehicle for which he had purchased some underinsurance coverage. *Id.* at 847. The result would have meant "by purchasing $25,000 of underinsurance motorist coverage [Veach] lost $50,000 of underinsurance motorist coverage provided under his mother's policy." *Id.* at 847–48. This result interfered with the insured receiving full compensation, the objective of underinsurance coverage, and effectively punished Veach for purchasing insurance.

Although the "not-owned-but-insured" exclusion is related to the "owned-but-not-insured" exclusion involved here, they are different in their operation and the same public policy concerns are not applicable. *Id.* The Walters did not lose benefits otherwise available under the auto policy by purchasing underinsurance coverage in the motorcycle policy. Consequently, this case is governed by our holding in *Kluiter*, 417 N.W.2d 74, 76.

The "owned but not insured" clause of the auto policy was valid and the district court did not err in giving effect to it.

**AFFIRMED.**