Jason DILLY, Appellant,

v.

**GRINNELL SELECT INSURANCE COMPANY, Appellee.**

No. 96–45.

Court of Appeals of Iowa.

March 28, 1997.

David S. Wiggins of Wiggins, Anderson & Conger, P.C., West Des Moines, for appellant.

Rustin T. Davenport and C. Bradley Price of De Vries, Price & Davenport, Mason City, for appellee.

Considered by HABHAB, C.J., and HUITINK and STREIT, JJ.

HABHAB, Chief Judge.

Jason Dilly is the son of Dennis and Carol Dilly. Jason owned a 1985 Chevrolet Camaro. He did not carry insurance on this vehicle. Dennis and Carol had an automobile insurance policy with Grinnell Select Insurance Company for two vehicles owned by them, a 1991 Pontiac Sunbird and a 1978 Ford half ton pickup.

In the late evening hours of October 17 or the early morning hours of October 18, 1992, Jason allowed Paul Reyerson to drive the Camaro. Jason was a passenger in the vehicle. The vehicle went into a ditch and Jason was injured. Jason received a payment from Paul's automobile insurance. Jason's damages exceeded Paul's policy limits.

Jason lived with his parents at the time of the lawsuit. He filed suit against Grinnell seeking to recover under the underinsured motorist coverage in his parents' policy. The policy provided:

> We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle.

Jason would be considered an "insured person" under the definition found in the underinsured motorist section of the policy.

Grinnell denied coverage and filed a motion for summary judgment. Grinnell relied on a provision which stated the term "underinsured motor vehicle" did not include any vehicle:

> Owned by or furnished or available for the regular use of you or a relative.

The district court granted the motion for summary judgment. The court found the Camaro was owned by a relative (the son) of the policyholders and, therefore, was excluded from coverage by the terms of the insurance policy. The court further found the provisions in dispute did not violate public policy. Jason has appealed.

Underinsured motorist coverage applies where the negligent tortfeasor has at least the amount of insurance required by the financial responsibility law, but does not have enough to fully compensate the victims of negligence. *Kluiter v. State Farm Mut. Auto. Ins. Co.*, 417 N.W.2d 74, 75 (Iowa 1987). The goal of underinsured motorist coverage is to fully compensate the victim to the extent of the injuries suffered. *Veach v. Farmers Ins. Co.*, 460 N.W.2d 845, 848 (Iowa 1990). This differs from the goal of uninsured motorist coverage, which is to ensure minimum compensation to victims of uninsured motorists. *Id.* A "not owned but insured" clause has been upheld in the uninsured motorist context. *See McClure v. Employers Mut. Cas. Co.*, 238 N.W.2d 321, 326–27 (Iowa 1976).

Jason asserts the district court erred in granting the motion for summary judgment. He relies on *Veach*, which found a "not owned but insured" clause in the underinsured motorist context was void as against public policy. *Id.* at 848. Greg Veach was injured by an underinsured motorist while riding his motorcycle. *Id.* at 846. Veach received payments from the underinsured motorist and his own insurance policy. *Id.* He then sought payment under the underinsured motorist provision in his mother's insurance policy. *Id.* The company denied payment under a provision which purported to exclude from coverage any vehicle not owned by the named insured which had underinsured motorist coverage under another policy. *Id.* at 847.

The supreme court found this exclusion was void because it allowed the insured's underinsured motorist coverage to change each time the insured entered a different vehicle. *Id.* The court stated:

> Under the "not-owned-but-insured" clause, his underinsured motorist coverage would be slashed by one-half by the simple act of moving from his mother's car to his motorcycle. This inconsistency is contrary to "common sense and the consuming public's general understanding of coverage under these circumstances." *Poehls [v. Guaranty Nat'l Ins. Co.,]* 436 N.W.2d [62 (Iowa 1989) ] at 64.

*Id.* Veach lost benefits otherwise available under the policy by purchasing underinsurance coverage under another policy. *Id.*

*Veach,* however, is distinguishable. The exclusion in *Veach* applied to an injured person who "was occupying a vehicle you do not own which is insured for this coverage under another policy." *Id.* at 846–47. As noted, the plaintiff in *Veach* had purchased other underinsured motor vehicle insurance and, as a result, the Farmers Insurance Company exclusion sought to avoid underinsurance coverage under the Farmers Insurance Company policy. *Id.* at 847–48. The supreme court in *Veach* discussed the inequitable result that occurred when the plaintiff purchased $25,000 of underinsured motorist coverage and yet would have lost $50,000 of underinsured coverage provided under his mother's policy. *Id.*

Here, the reason Jason's underinsurance coverage does not apply is different from the facts in *Veach.* The reason the Grinnell language avoids underinsurance coverage is because a vehicle owned by the insured's family was not insured under the Grinnell policy, and not because Jason had purchased other underinsurance coverage.

The supreme court in *Veach,* when interpreting the insurance policy under the underinsurance provision, characterized the language as "not owned but insured." The "not owned but insured" language describes a type of underinsurance policy language. In this regard, the Grinnell policy has been described as an "owned but not insured" type of policy and, in some respects, is the type of policy reviewed in *Kluiter,* 417 N.W.2d at 75–76 (holding a person may only collect underinsured motorist coverage for injuries that he or she sustained while operating a vehicle covered under the policy insuring that vehicle); *Jones v. American Star Ins. Co.,* 501 N.W.2d 536, 537 (Iowa 1993) (upholding a household exclusion against underinsured motorist coverage where the same policy had provided benefits from the liability portions of the policy); and *Walter v. Kinsey,* 518 N.W.2d 370, 372 (Iowa 1994) (upholding a "owned but not insured" exclusion to underinsured motorist coverage).

██ It is clear that although the "not owned but insured" exclusion is related to the "owned but not insured" exclusion, they are different in their operation and the same public policy concerns are not applicable. *Walter,* 518 N.W.2d at 372. "Owned but not insured" clauses are valid under Iowa law. *Id.* at 371. An insured has the freedom to elect to have different policies for different vehicles. *Id.* When an "owned but not insured" clause comes into play, the insured has control of the vehicle and the coverage on it. *Veach,* 460 N.W.2d at 847.

██ In conclusion, we find the public policy concerns raised by the "not owned but insured" provision in *Veach* are not present in this case. Jason decided not to purchase any insurance for his vehicle. Thus, unlike the situation in *Veach,* he has not been punished for purchasing underinsurance coverage under another policy.

We note a provision very similar to the one in this case has been upheld by the supreme court. *See Jones,* 501 N.W.2d at 538.

We affirm the decision of the district court granting summary judgment to Grinnell. Costs of this appeal are assessed to Jason.

**AFFIRMED.**