Robert Dale WELCHANS,
Plaintiff–Appellee,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION and Allied Mutual In-
surance Company, n/k/a Nationwide
Mutual Insurance Company, Defen-
dants–Appellants.

No. 00–1579.

Court of Appeals of Iowa.

March 13, 2002.

R. Laubenthal and Thomp J. Patter-
mann of Smith Peterson Law Firm, Coun-
cil Bluffs, for appellant Allied Mutual In-
surance Company.

Timothy A. Scherle of Klass, Stoik, Mu-
gan, Villone, Phillips, Orzechowski, Clau-
sen & LaPierre, L.L.P., Sioux City, for
appellant United Services Automobile As-
sociation.

Stephen N. Greenleaf of Lynch, Green-
leaf & Michael, L.L.P., Iowa City, for ap-
pellee.

Heard by SACKETT, C.J., and
ZIMMER and VAITHESWARAN, JJ.

SACKETT, C.J.

Defendant-appellants, United Services Automobile Association (USAA) and Allied Mutual Insurance Company, n/k/a Nationwide Mutual Insurance Company (Allied), appeal from the district court's ruling in this declaratory judgment action, which determined their insured, plaintiff-appellee Robert Welchans, had underinsured motorist coverage (UIM) under the provisions of a business auto insurance policy written by Allied and a personal auto policy written by USAA. USAA and Allied both claim the "owned-but-not-insured" exclusions in their policies excluded the farm tractor Welchans was driving when it was struck by the underinsured motorist and consequently they were not bound to perform under the UIM coverage of either policy. We reverse and dismiss.

In November 1997, Welchans was driving his 1972 John Deere tractor on a county road. The tractor was struck from behind by an automobile resulting in Welchans suffering serious personal injury. At the time of the accident, Welchans had a business auto policy with Allied on his farm truck and an automobile policy on four cars from USAA. Welchans also had a general farm liability policy that included insurance on the tractor with IMT Insurance which is not a party to this suit. After advising Allied and USAA of his intent to settle, Welchans settled with the driver of the automobile who hit him for the policy limits of the driver's liability coverage. Welchans then made a claim against his UIM coverage under the policies with Allied and USAA. Both Allied and USAA denied coverage claiming Welchans was operating a vehicle that fell under their respective owned-but-not-insured exclusions. Welchans filed this declaratory judgment action.

The district court found the exclusion language in Allied's policy did not exclude Welchans' injuries from UIM coverage. In contrast, the court found the exclusion language in USAAs policy did exclude Welchans' injuries from UIM coverage. After examining the requirements concerning UIM coverage found in Iowa Code section 516A.1, the court found the UIM coverage in both policies was available to Welchans because the insurers did not obtain a written rejection from Welchans of UIM coverage for the tractor. This finding was made though neither insurer wrote coverage for the tractor. Allied and USAA appeal.

■ Review of actions for declaratory relief is governed by the manner in which the action was tried. *United Fire and Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000). This case was tried at law. Our review is for correction of errors of law. Iowa R.App. P. 6.4 [1]; *Van Oort Constr. Co. v. Nuckoll's Concrete Serv., Inc.*, 599 N.W.2d 684, 689 (Iowa 1999). We are not bound by the district court's legal conclusions, but we are bound by its findings of fact if they are supported by substantial evidence in the record. *Walsh v. Nelson*, 622 N.W.2d 499, 502 (Iowa 2001). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *Flanagan v. Consolidated Nutrition, L.C.*, 627 N.W.2d 573, 577 (Iowa Ct.App.2001).

■ The UIM endorsement in Allied's policy states, in pertinent part:

This insurance does not apply to any of the following:

. . . .

4. 'Bodily injury' sustained by you . . . while 'occupying' or struck by any vehi-

---

**1.** Formerly Iowa R.App. P. 4.

cle owned by you ... which is not a covered 'auto.'

Finding Welchans had UIM coverage for the accident under the Allied policy, the district court stated:

> [B]odily injury sustained while occupying a non-covered auto is excluded from coverage. However, farm machinery is expressly excluded from the definition of auto, thereby removing farm machinery from the exclusion. The owned but not insured provisions of the Allied policy uses ordinary language, it is clear and unambiguous. Welchans' injuries are not excluded from the underinsured motorist coverage of the Allied policy.

The district court correctly determined the 1972 John Deere tractor was not a covered "auto"[2] under Allied's policy as it falls within the contract definition of "mobile equipment."[3] Under the definitions in Iowa Code section 321.1, a farm tractor is a motor vehicle. *See* Iowa Code §§ 321.1(24) and 321.1(42)(a). However, the district court misstated the language of the UIM exclusion and, based on that misstatement, reached the wrong conclusion. The court stated the exclusion was for "bodily injury sustained while occupying a *non-covered auto.*" (emphasis added). However, the policy language excludes bodily injury "while 'occupying' or struck by any *vehicle* owned by you ... which is not a covered 'auto'." (emphasis added). The tractor was a vehicle owned by Welchans, but not a covered "auto." We conclude the court erred in concluding the exclusion of farm machinery from the definition of "auto" removes farm machinery

from the UIM exclusion language. UIM coverage for Welchans' injuries while driving the 1972 John Deere tractor is excluded by the "clear and unambiguous" language of the policy that excludes coverage when occupying a vehicle owned by the insured. The tractor is a vehicle both by statutory and policy definition.

Welchans claimed Iowa Code section 516A.1 mandates that he receive UIM coverage under both Allied's and USAAs policies because he did not reject such coverage in writing. The district court determined:

> No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death may be issued, unless it includes under-insured motorist coverage. § 516A.1, the Code. The named insured may reject under-insured motorist coverage in a separate writing. Without such written rejection in a separate writing in compliance with § 516A.1, the under-insured coverage under both the Allied policy and the USAA policy must be made available to Welchans.

In motions to amend or enlarge under Iowa Rule of Civil Procedure 1.904(2),[4] both companies interpreted the district court's ruling to mean an insurer must obtain written waivers of UIM coverage for each vehicle owned by an insured, even if the vehicle is not insured under a policy by that insurer. The district court denied the motions to amend or enlarge its ruling.

■ Iowa Code section 516A.1 provides that all automobile or motor vehicle

---

2.  As defined in the Allied policy definitions, "auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads but does not include "mobile equipment".

3.  "Mobile equipment" means any of the following types of land vehicles, ...

1.  Bulldozers, farm machinery, forklifts, and other vehicles designed for use principally off public roads.

4.  Formerly Iowa R. Civ. P. 179(b).

liability insurance policies, which provide liability coverage for bodily injury or death must also include uninsured and underinsured coverage "for the protection of persons insured under such coverage." *Id.* An insured may waive either or both coverages in a separate writing. *Id.* Underinsured coverage ordinarily protects and follows the person, not the vehicle. *Prudential Ins. Co. of America v. Martinson,* 589 N.W.2d 64, 66 (Iowa 1999); *Hornick v. Owners Insurance Co.,* 511 N.W.2d 370, 372 (Iowa 1993). The district court correctly understood section 516A.1 to require that underinsured coverage be a part of an auto policy unless the insured signed a written waiver of that coverage. Based on this understanding, the court concluded the underinsured coverage in both Allied's and USAAs policies was available to Welchans. Our analysis does not end there. We do not interpret statutory provisions in isolation. *Mewes v. State Farm Auto. Ins. Co.,* 530 N.W.2d 718, 722 (Iowa 1995).

Iowa Code section 516A.2 allows insurers to "include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits." *Id.* The Iowa Supreme Court considered this statutory provision in *Miller v. Westfield Ins. Co.,* 606 N.W.2d 301, 306 (Iowa 2000) and said:

> [W]e have not required an actual duplication of benefits when an owned-but-not-insured exclusion is contained in underinsured motorists (UIM) coverage. We have said that, in the context of UIM coverage, there is "no duplication of benefits until the victim has been fully compensated." *McClure v. Northland Ins. Co.,* 424 N.W.2d 448, 450 (Iowa 1988) (applying section 516A.2(1)'s dupli-

cation-of-benefits provision). Yet in *Kluiter v. State Farm Mutual Automobile Insurance Co.,* 417 N.W.2d 74 (Iowa 1987), we upheld an owned-but-not-insured exclusion with no discussion of whether the insured had been fully compensated for his injuries. 417 N.W.2d at 76. Instead, we merely found *"potential* duplication." *Id.* (emphasis added); *see also Hornick,* 511 N.W.2d at 374, (holding the UIM policy provision at issue "may be viewed as *an attempt* to avoid duplication of insurance coverage and is therefore permitted under Iowa Code section 516A.2" (emphasis added)).

Our inconsistent application of the statute's duplication-of-benefits provision finds no support in the language of the statute; either section 516A.2(1) requires actual duplication, or it does not. As we have explained, based on the words used by the legislature, we hold that actual duplication is not required under section 516A.2(1).

*Miller v. Westfield Ins. Co.,* 606 N.W.2d 301, 306 (Iowa 2000); *accord Lefler v. Gen. Cas. Co. of Wisc.,* 260 F.3d 942, 946 (8th Cir.2001). Welchans argues this provision does not apply because his insurance agent said he knew of no under-insured motorist coverage available for Welchans's John Deere tractor. Plaintiff contends because he could not purchase UIM coverage for the tractor, there is no potential for duplication. Under the statutory language, the potential duplication encompasses insurance or *other benefits.* Iowa Code § 516A.2(1) (emphasis added). We cannot on this record find there is no potential for duplication.[5] The "owned-but-not-insured" UIM exclusion provisions in Allied's and USAA's policies are designed to avoid du-

---

**5.** The requirements of section 516A.1 are not limited to liability policies for automobiles, but also includes liability policies for motor vehicles. Section 321.1 defines a farm tractor as a motor vehicle.

plication. Consequently, they meet the statutory requirements of Iowa Code section 516A.2 and are enforceable. The exclusionary language, although phrased differently in the two policies, excludes the tractor on which Welchans was injured. We therefore reverse the decision of the district court that UIM coverage is available to Welchans under his Allied or USAA policies. We reverse the district court and dismiss plaintiff's action.

**REVERSED AND DISMISSED.**